NEW ENGLAND COCA COLA BOTTLING COMPANY *vs.* GALLAGHER BOTTLE CAPPING MACHINERY COMPANY, INCORPORATED.

Suffolk.   March 3, 1920. — May 21, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Exceptions, Findings by judge, Requests and rulings.

An exception to a finding of fact by a judge, who heard an action at law without a jury, must be overruled if the finding is supported by any foundation in evidence.

An exception to a refusal by a judge, hearing an action at law without a jury, to grant a request for a ruling must be overruled if the ruling is not applicable to facts warrantably found by the judge.

An exception by a defendant in an action of contract, with a declaration in two counts, to a denial by a judge, who heard the action without a jury, of a motion, urged by the defendant before any evidence had been introduced, that the plaintiff be required to elect between the first count, to maintain which the plaintiff would have had to prove that he was a salesman for the defendant of certain goods, and the second count, which was based upon an agreement by the defendant to sell the goods to the plaintiff, must be overruled where the judge, after hearing the case, found, upon evidence warranting the finding, that the plaintiff was not a salesman for the defendant and that the defendant had agreed to sell the goods to the plaintiff and had broken the agreement.

CONTRACT, with a declaration as amended in two counts, the first count being for $746 upon an account annexed with fifteen items of "commission . . . on machines," and "overcharge on . . . machines," and the second count being for damages resulting from a failure of the defendant to deliver to the plaintiff thirteen of twenty "improved soda filling and capping machines with a crank gear attachment," which, the plaintiff alleged, it had bought of the defendant. Writ dated May 6, 1918.

In the Superior Court the action was heard by *Sisk,* J., without a jury. Before any evidence was introduced, the defendant in writing moved that the plaintiff be required to elect between the counts. The motion was denied. Upon all the evidence, the judge found that the plaintiff was not a salesman for the defendant. Other material facts found by him and exceptions saved by the defendant are described in the opinion. There was a find-

ing for the plaintiff in the sum of $752.77; and the defendant alleged exceptions.

*F. J. Muldoon*, for the defendant.

*P. M. Lewis*, for the plaintiff.

JENNEY, J. On the voluminous record, consisting mainly of correspondence but including some slight oral evidence, the judge of the Superior Court, who tried the case without a jury, found that "the parties entered into a contract for the purchase and sale of 20 improved soda filling and [bottle] capping machines;" that "the plaintiff furnished the defendant with orders and shipping instructions . . . within a reasonable time after the contract was made;" and that the defendant broke its contract by failing to fill orders except at an increased price. He found for the plaintiff in the sum of $752.77. No question as to amount is involved.

The findings must stand if supported by any foundation in evidence. *Bangs* v. *Farr*, 209 Mass. 339. *Evans* v. *County of Middlesex*, 209 Mass. 474. The letters although loosely phrased, and admitting of different deductions, warranted, but did not require, the findings of facts on which liability was based. They are well summarized in the carefully drawn decision of the judge.

Of the defendant's exceptions, those to requests numbered two and three are expressly waived. The remaining requests now in controversy were either inapplicable because of the judge's findings, or inconsistent therewith, and were properly refused.

*Exceptions overruled.*