LILLIAN M. SANDERS *vs.* WORCESTER LUNCH CAR AND
CARRIAGE MANUFACTURING COMPANY.

LESLIE B. SANDERS *vs.* SAME.

Middlesex.   May 16, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Of vendor, In use of way, Violation of statute.

A judge hearing without a jury an action of tort found that the defendant
manufactured a large lunch car in this Commonwealth and sold it to a
resident of New Hampshire under a conditional.sale contract; that the
defendant delivered the car here to a truckman who, he knew, was em-
ployed by the purchaser to tow it to New Hampshire; that the truck-
man thereupon "started with it [the car] over the road"; that during
the journey it was in a collision in New Hampshire with an automobile
in which the plaintiff was riding, whereby the plaintiff was injured;
that the car was illegally upon the way in New Hampshire because it
was of a greater width than permitted by the statutes of New Hamp-
shire; that the truckman was not employed by the defendant and was
not his agent; and that the defendant did not cause or permit the car
to be operated upon the way in New Hampshire at the time and place
of the accident.   There was a finding for the defendant.   *Held,* that
    (1) Upon the findings, the defendant's control over the car ended
upon its delivery to the truckman; and the transportation of the car
in New Hampshire was under the control of one for whom the de-
fendant was not responsible;
    (2) The defendant did not participate in nor contribute to the
illegal act of transporting the car in New Hampshire or to any act
causing damage to the plaintiff;
    (3) The finding for the defendant was warranted.

TWO ACTIONS OF TORT.   Writs dated November 5, 1925.

The actions were heard together in the Superior Court
by *Weed,* J., without a jury.   He found that the lunch car
mentioned in the opinion was of greater width than per-
mitted by the statutes of New Hampshire; that it was
illegally on the way at the time of the accident; and that
the defendant knew that LaFleur intended to tow it to
Dover, New Hampshire, over the ways of Massachusetts
and New Hampshire.   Other material facts found are

stated in the opinion. He found for the defendant in each action. The plaintiffs alleged exceptions to his disposition of the parties' requests for rulings.

*R. C. Thulin,* (*R. E. Joslin* with him,) for the plaintiffs.

*W. C. Mellish,* for the defendant, was not called on.

CARROLL, J. The plaintiffs are husband and wife. The defendant is a manufacturer of lunch cars, in Worcester. The actions are in tort to recover damages by reason of the alleged fault of the defendant in causing or permitting a cumbersome lunch wagon, in tow of a large truck, "to obstruct a highway in the town of Greenland, New Hampshire, in violation of the New Hampshire statute proscribing vehicles in excess of ninety-six inches in width from the highways, whereby there was a collision between said outfit and an automobile which belonged to the husband and in which the plaintiffs . . . were travelling."

The case was tried in the Superior Court by a judge without a jury. He found that the lunch car was manufactured by the defendant at its factory, in Worcester, for one Cullinane, of Dover, New Hampshire; that Cullinane employed a truckman, named LaFleur, to take the car from Worcester to Dover; that Cullinane bought the car from the defendant under a conditional sale agreement; that the car was delivered to LaFleur at the defendant's factory on the evening of May 31, and he "started with it over the road for Dover late that evening, travelling all night"; that LaFleur was not employed by the defendant and was not its agent; and that the defendant did not cause or permit the lunch car to be operated upon the highway in New Hampshire at the time and place of the accident. In each case there was a finding for the defendant.

There was evidence to support the findings of the judge. His conclusions on the evidence before him are conclusive. *New England Coca Cola Bottling Co.* v. *Gallagher Bottle Capping Machinery Co. Inc.* 236 Mass. 60, and cases cited. The delivery of the lunch car to LaFleur, who was employed by Cullinane, ended the defendant's control over the car in so far as the manner of delivery to Cullinane by LaFleur was concerned. The method of transportation was not

under the direction of the defendant, and the defendant was in no way responsible for the conduct of LaFleur or of Cullinane. As a manufacturer delivering the car to the conditional sale purchaser, the defendant was not responsible for the violation of the New Hampshire statute or for damages caused by the acts of the carrier. No act of the defendant contributed in law to the plaintiffs' injury and damage. See *Fulton* v. *Stahl*, 271 Mass. 23. On the facts the judge could have found, as he did find, that the defendant did not contribute to the accident; there was evidence to warrant the finding, and there was no error of law in this.

We do not think it necessary to review the cases cited by the plaintiffs bearing on this point. The defendant did not participate in the alleged illegal act; it in no way controlled the method of transportation or the route to be taken. The entire management of the car and the way of carrying it from Worcester to Dover were under the direction of LaFleur. These were questions of fact and as long as there was evidence to support them the findings must stand. This is not a case where the defendant procures an illegal act to be done or assists in its performance, or actually contributes to it, or sells an article inherently dangerous to health or property. The car was sold in good faith in ignorance that any unlawful act was to be committed in transporting it.

We have considered all the plaintiffs' requests for rulings. In the view which we take of the case, it is unnecessary to discuss them.

There was no error in the conduct of the trial. In each case the entry must be

*Exceptions overruled.*