## LOUIS STROGOFF *vs.* MOTOR SALES CO. INC.

Middlesex.    October 6, 1938. — February 6, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Motor Vehicle,* Operation.   *Nuisance.   Trespass.   Way,* Public: trespass, nuisance.   *Bailment.   Conflict of Laws.*

The loan in Connecticut of an automobile, bearing dealer's plates of that State issued to the owner, for the personal use of the borrower, was in violation of the law of that State, and hence the operation of the automobile on the ways of this Commonwealth without a Massachusetts registration was unlawful under G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188; and § 9.

The owner of an automobile registered in Connecticut, who there lent it for use for the borrower's own purposes without assenting to its operation by him in this Commonwealth or knowledge that he intended such operation, was not liable, on the ground of having participated in a trespass and nuisance, for injuries resulting from its unlawful operation by the borrower in this Commonwealth.

TORT.   Writ in District Court of Lowell dated January 15, 1936.

There was a finding for the defendant by *Eno,* J.   The Appellate Division for the Northern District ordered a report dismissed.   The plaintiff appealed.

*T. J. Feeney & M. J. Doyle,* for the plaintiff, submitted a brief.

*E. Field,* (*R. H. Field,* with him,) for the defendant.

QUA, J.   The plaintiff was injured in this Commonwealth by reason of the operation by one Hodgman of an automobile owned by the defendant.   The defendant was a dealer in motor vehicles in Hartford, Connecticut.   The plaintiff's case now rests upon his contention that the defendant's automobile was a "trespasser" upon the highway and a nuisance.

The evidence, briefly summarized, was this: Hodgman was the defendant's office manager.   The defendant lent the automobile to Hodgman for Hodgman's personal use during Hodgman's vacation.   The automobile bore "Con-

necticut dealer's registration plates" which had been "duly issued" to the defendant. The accident happened while Hodgman had possession and control of the automobile and was using it for his own purposes.

We think that the evidence, as a whole, if believed, showed that the loan of the automobile and of the number plates by the defendant to Hodgman for use by the latter upon the highway was in violation of § 1566 of the General Statutes of Connecticut, as the amended section appears in the Cumulative Supplement of 1935. See particularly subsections (b), (c) and (f). Hence when the automobile was brought over the line into this Commonwealth its nonresident owner had not "complied with the laws relative to motor vehicles . . . and the . . . operation thereof, of the state of . . . registration" (G. L. [Ter. Ed.] c. 90, § 3, as amended by St. 1933, c. 188), and the automobile was deprived of the protection commonly afforded by § 3 to the vehicle of a nonresident owner who has complied with the laws of his own State. Its presence on the ways of this Commonwealth was unlawful under G. L. (Ter. Ed.) c. 90, § 9.

A series of decisions of this court has established the propositions that any automobile operated upon our public ways in violation of § 9 is a "trespasser" and a nuisance, and that anyone who takes part in placing or operating it upon such ways is liable to a person who is in the exercise of due care for all injury proximately resulting from such operation. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 158. *Holden* v. *McGillicuddy*, 215 Mass. 563. *Gould* v. *Elder*, 219 Mass. 396. *Fairbanks* v. *Kemp*, 226 Mass. 75, 78. *Evans* v. *Rice*, 238 Mass. 318, 320. *Pierce* v. *Hutchinson*, 241 Mass. 557, 564. *McDonald* v. *Dundon*, 242 Mass. 229. *Brown* v. *Alter*, 251 Mass. 223. *Capano* v. *Melchionno*, 297 Mass. 1, 10. It results from what has been said that Hodgman, who brought the automobile into this Commonwealth, would be liable to the plaintiff, if the plaintiff was in the exercise of due care.

But it does not necessarily follow that the defendant is

similarly liable. The Supreme Court of Errors of Connecticut in *Gonchar* v. *Kelson*, 114 Conn. 262, repudiated the doctrine of our decisions that an unregistered automobile is a nuisance and its driver liable as a trespasser. From the reasoning in that case and in other Connecticut cases we think it safe to assume that neither Hodgman nor the defendant would have been held liable to a civil action arising in Connecticut merely because of the unlawful lending and operation. See *Greeley* v. *Cunningham*, 116 Conn. 515, 518. The defendant did nothing in Connecticut that would create a liability there, and since Hodgman was not operating as its agent, it performed no act at all in Massachusetts. Nevertheless, it would seem that the defendant might be held here, if it performed acts in Connecticut which, when the injury occurred here, constituted a tort on its part under our law. It is a recognized principle of the law of the conflict of laws that the law of the State where an alleged tort is completed controls the liability. Am. Law Inst. Restatement: Conflict of Laws, §§ 377, 378, 379, 380, 381, 383. *Young* v. *Masci*, 289 U. S. 253. Compare Beale, Conflict of Laws, § 383.1, page 1297. See *Commonwealth* v. *Macloon*, 101 Mass. 1; *Le Forest* v. *Tolman*, 117 Mass. 109; *Ewell* v. *Cardinal*, 53 R. I. 469.

However, in attempting to apply the principle just mentioned to this case, and viewing the defendant's conduct as a whole, it seems to us that the evidence furnishes no basis upon which to rest a finding that the defendant committed a tort under our law. The sole ground of supposed liability with which we are concerned consists in the placing and operation of an automobile upon the ways of this Commonwealth in violation of our statutes. It was Hodgman and not the defendant who did this. Hodgman acted wholly for purposes of his own. It does not appear that any agent of the defendant having authority over the disposition of the automobile knew that Hodgman intended to take it where its presence would become a ground of liability or participated or assisted in Hodgman's act. He alone was in control. Putting negligence aside, one does not become a trespasser or create a nuisance merely because one lends to another a

tool or instrument with which the latter may, if he is so minded, commit a trespass or create a nuisance. This is true even though the lender knows that such use may possibly be made of the instrument, so long as he does not himself intend or aid in such use. *Graves* v. *Johnson,* 179 Mass. 53. *Fuller* v. *Hunt,* 182 Mass. 299, 301. *Adams* v. *New England Maple Syrup Co.* 210 Mass. 475, 480. *Robinson* v. *Vaughton,* 8 C. & P. 252. *State* v. *Flynn,* 47 Vroom, 473, 475, 476. *Heitzman* v. *Divil,* 11 Penn. St. 264, 266, 268. *Fitzwater* v. *Fassett,* 199 Penn. St. 442. *Fordson Coal Co.* v. *Kentucky River Coal Corp.* 69 Fed. (2d) 131. Am. Law Inst. Restatement: Torts, § 158, comments *h* and *i.* See *Brown* v. *Perkins,* 1 Allen, 89. The defendant would not be liable, we think, if it had expressly forbidden Hodgman to take the automobile into Massachusetts. We also think the defendant was not obliged, in order to avoid liability, expressly to forbid Hodgman either to trespass with it in general or specifically to take it to each particular distant place, whether on private property or on public ways, where the taking of it would be a trespass or a nuisance. In *Sanders* v. *Worcester Lunch Car & Carriage Manuf. Co.* 272 Mass. 180, a conditional vendor of a lunch car in Massachusetts was held not to participate in the illegal act of operating it upon a highway in New Hampshire, although the vendor knew that the vendee's agent would take the car there. In *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105, at page 111, this court held that evidence of authority to an agent to use an automobile for his own purposes in the neighborhood of Nashua, New Hampshire, would not support a finding of authority to cross the line into Massachusetts, where the automobile would become a nuisance. To use it in Massachusetts was "a wholly different matter."

Some States have statutes providing that the owner of an automobile shall be responsible for the acts of a person operating it with his permission, though not his agent, and in several cases nonresidents have been held liable under these statutes where the permission was given in States whose law did not impose such liability and the

accident occurred in States in which such statutes were in effect. In such cases the issue turns largely upon the construction of the statute as to what constitutes permission, and naturally a liberal construction has been reached. We do not regard these cases as opposed to our present decision. *Masci* v. *Young*, 109 N. J. L. 453. *Young* v. *Masci*, 289 U. S. 253. *Kernan* v. *Webb*, 50 R. I. 394. *Scheer* v. *Rockne Motors Corp.* 68 Fed. (2d) 942. Compare *Levy* v. *Daniels' U-Drive Auto Renting Co. Inc.* 108 Conn. 333. In the case at bar there is no statute directly imposing a liability. The alleged liability, although depending upon the existence of certain statutes, must arise, if at all, at common law and must be controlled as to joint action and parties chargeable by the principles of the common law.

It follows that there was no error in denying the rulings requested by the plaintiff. They need not be stated in detail.

*Order dismissing report affirmed.*