No. 2894 Northern Middlesex, ss.

HUTCHINGS, et al.

 (Francis Hurtubis, Jr., Irving L. Stackpole)

v. BRESLIN (R. J. Dunn, Vincent L. Scanlon)

 From the District Court of Newton—Weston, J.)

 Argued May 5, 1941—Opinion Filed May 31, 1941

PETTINGELL, J.—(Jones, P.J., & Henchey, J.)—Four actions of tort growing out of an automobile collision. In each

case the answer is a general denial, contributory negligence, and illegal registration. The trial judge found as fact that both cars were properly registered. The plaintiff, the appel-.ant, attacks the judge's finding in this respect so far as it relates to the defendant's car, as to which the plaintiff maintains there is an overwhelming preponderance of evidence that the registration of that car was illegal. His claim of error is based upon the denial of nineteen of twenty-three rulings requested by the plaintiff. Nine of those denied, those upon which the plaintiff mainly relies, have to do with the illegal registration of the defendant's car. Six have to do with the negligence of the defendant and the contributory negligence of the plaintiff. Three have to do with the operation of the defendant's car, and the remaining request denied is a general one, that upon the evidence the plaintiff is entitled to recover.

A detailed consideration of these requests is not necessary and would be unprofitable. First of all, no one of them raises any issue of the sufficiency of the evidence to support any particular finding. In this state of the case the trial judge found expressly that the plaintiff was negligent, that his negligence caused the accident, and that the defendant was not negligent. In the absence of any request raising the issue of the sufficiency of the evidence to warrant such findings, the plaintiff is bound by them. *Leshefsky* v. *American Employers Ins. Co.* 293 Mass. 164, *Baker* v. *Davis,* 299 Mass. 345, *Looby* v. *Looby,* 303 Mass. 391, *Carney* v. *Cold Spring Brewing Co.* 304 Mass. 492.

The case, therefore, comes to us with unassailable findings of fact that the plaintiff was negligent and that his negligence caused the accident. That the plaintiff did not appreciate the significance of such findings is shown by the fourteenth requested ruling filed by him that, "that court must rule as matter of law that even if the accident could have been found to have been caused by the plaintiff's contributory negligence, the plaintiff can still recover from the defendant if the motor vehicle involved in the collision was not legally registered."

Such is not the law in this Commonwealth. Since the decision of *Brown* v. *Alter,* 251 Mass. 223, in 1925, the law has always been that a plaintiff must be in the exercise of due care to recover for injuries caused by an unregistered automobile. The court said, at page 224:

"The plaintiff as a traveller on the highway cannot recover of the defendant for damage caused by a nuisance maintained on the highway without showing that his own want of due care did not directly contribute to that damage. This is the rule of our own cases."

Since that decision the court has repeatedly stated that the due care of the plaintiff is a necessary element for recovery in cases involving illegally registered automobiles. *Gallagher* v.

*Wheeler*, 292 Mass. 537, *Strogoff* v. *Motor Sales Co. Inc.* 302 Mass. 345.

The plaintiff having been found to be negligent, and his negligence the cause of the accident, it is not necessary or helpful to discuss whether or not the trial judge erred in denying the plaintiff's requests for rulings, no one of which has any pertinency or materiality in view of that finding.

The report is to be dismissed.