FLORENCE C. WETMORE vs. McLELLAN STORES COMPANY
(and a companion case [1]).

Hampden.    January 26, 1944. — February 1, 1944.

Present: FIELD, C.J., DONAHUE, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Store, Slippery substance.

A finding of negligence of the proprietor of a store toward a customer
who slipped and fell on a patch four or five feet square on the floor
which she described as oil was not warranted in the absence of evi-
dence that the proprietor caused oil or any oily substance to be on
the floor or as to how long the substance on which the plaintiff slipped
had been there before the accident.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated
December 14, 1939.

The cases were tried before *Dillon*, J., and in this court
were submitted on briefs.

*H. A. Moran*, for the plaintiffs.

*R. S. Spooner & T. J. Donahue*, for the defendant.

WILKINS, J.    These are two actions of tort, in one of
which the female plaintiff, a customer in the defendant's
store, seeks to recover damages for personal injuries sus-
tained on May 10, 1939, as the result of a fall allegedly
occasioned by the negligent application to the floor of oil
or of an oily preparation, and in the other of which the
husband of the plaintiff in the first action sues for conse-
quential damages.    The jury returned a verdict for the
plaintiff in each case.    Thereupon the judge with the assent
of the jury reserved leave to enter verdicts for the defend-
ant.    The defendant filed motions that verdicts be entered
in accordance with the leave reserved.    These motions the
judge allowed subject to exceptions by the plaintiffs.

The only question presented in each case is whether there
was evidence to warrant a verdict for the plaintiff.    All

---

[1] The companion case was by Frank W. Wetmore against the same
defendant.

the testimony was presented by witnesses called by the plaintiffs.

According to the testimony of the female plaintiff, hereinafter called the plaintiff, the accident occurred on a clear, dry day between four and five o'clock in the afternoon. She had been at the meat counter and was walking toward the notion counter when "she suddenly felt herself going." She skidded like a "figure S" and fell. She "saw the mark where she skidded from and the oil was raised up, just the other side of it was thick with oil; . . . it was clean where her heel had gone." The mark, which was made by her right foot, was about three feet long and S shaped. It was the only mark on the floor, was white in color, while the rest of the floor was dark or black. She did not notice whether the floor throughout was dark in color. She "just noticed the black part of it, that it was oiled . . . she did not observe oil anywhere near except the spot where the accident was . . . the space all around there was very dark with oil." This space was four or five feet square. When the plaintiff got up her hand was greasy, and the right side of her coat had oil on it, was "kind of black." The substance on which she fell was not a light or amber color, but was very dark, not as black as ink, but blackish looking.

The store manager testified that it was a hardwood floor, not varnished, shellacked, or oiled, but treated with a floor dressing "which is not supposed to be an oil dressing." The dressing was applied every two, three, or four weeks, on Saturday nights after the store was closed so as to be dry by Monday morning. It was an amber colored fluid poured from an ordinary sprinkling can and spread with a mop so that it would soak into the floor. A white substance known as feldspar was put on to make sure that it was not slippery. The wood in the floor is a dark color from constant usage. The floor was never washed but only swept, and no soap or lye preparation was used. The accident occurred on a Wednesday, and the last application of the floor dressing was either the preceding Saturday or the Saturday before that.

The assistant store manager testified that the dressing

was called Myco-sheen, and that he did not know whether it was oily. The amount of fluid that fell on the floor might depend in some little degree on the speed of the man who walked along with the can. After the dressing was applied, a powder was put on as a precautionary measure, "just in case," but it was used more as a dryer to help it dry fast. The dressing was quite damp when first put on, and the man with the mop had no trouble pushing it along. This would spread the substance, which would then soak into the floor. "It naturally oils in front of him."

On this evidence, the defendant could not have been found to have been negligent. While it is true that the plaintiff observed what she described as oil at the point where she fell, this is not a description of anything disclosed by the testimony to have been put on to the floor by the defendant. The only treatment of the floor by the defendant was the repeated application of an amber colored dressing, which was not shown to have been oily, followed by the application of a powder, both as a precautionary measure and as a dryer. There is no evidence, except the description of the floor, as to how long the condition described had existed. See *Cheetham* v. *Crescent Gardens Operating Co.* 311 Mass. 320, 321, and cases cited. It could not have been found that the defendant knew, or in the exercise of reasonable care ought to have known, that there was a condition of the floor where the plaintiff fell which should have been taken care of. See *Foote* v. *Waltham Netoco Theatres, Inc.* 314 Mass. 674. This is not a case like *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12, where the floor had become saturated with oil frequently applied and hence became unsafe from the moisture brought in by customers on a rainy day. Likewise distinguishable is *Trottier* v. *Neisner Brothers, Inc.* 284 Mass. 336, where the evidence showed that oil had been applied to the floor by the defendant at regular intervals, and negligence could have been found from the fact that the center of the aisle was light and the side of the aisle where the plaintiff fell was very dark with something that looked like oil or grease.

These cases are governed by *Cheetham* v. *Crescent Gardens*

*Operating Co.* 311 Mass. 320, *Livingston* v. *Friend Bros. Inc.* 302 Mass. 602, and *Peterson* v. *Empire Clothing Co.* 293 Mass. 447.

*Exceptions overruled.*