VANETA Z. MASON & another *vs.* McLELLAN STORES COMPANY.

Hampden.    September 21, 1949. — November 3, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence,* Store, Slippery substance.

A finding of negligence on the part of the proprietor of a store toward a customer who was injured by falling therein was warranted where, even though there was no evidence that a stick which turned the customer's ankle when she stepped on it came to be on the floor through any act or neglect of the proprietor, there was evidence that she would not have fallen and been hurt except for an oily, greasy substance which the proprietor had put on the floor.

TORT.    Writ in the Superior Court dated April 2, 1946.
The case was tried before *Warner,* J.
In this court the case was submitted on briefs.
*T. V. Moriarty,* for the plaintiffs.
*R. S. Spooner, A. E. Quimby, & M. J. Aldrich,* for the defendant.

LUMMUS, J.   The plaintiff Vaneta Z. Mason brought this action of tort to recover for personal injuries to her caused

by a fall on May 31, 1945, in the defendant's retail store in Springfield, in which she was a customer. In a second count her husband M. Henry Mason sought consequential damages. G. L. (Ter. Ed.) c. 231, § 4A, inserted by St. 1943, c. 350, § 1. *Goff* v. *Hickson*, 322 Mass. 655. The case comes here on the exceptions of the plaintiffs to the direction of verdicts for the defendant.

The evidence most favorable to the plaintiffs may be summarized as follows. As the woman plaintiff was walking down an aisle in the store, about one hundred feet from the front door, she felt her right heel step on something that turned her ankle and threw her to the floor, causing her personal injuries. A stick was found near her right foot as she lay on the floor. The stick was between seven and eight inches long and a little more than a quarter of an inch in diameter, and was covered with bark. It appeared to have been sawed off rather than broken off. On the floor was an oily or greasy substance with a lot of soot mixed in it, very dark looking and with "that disinfectant smell," the same smell that was on the stick. The condition of the floor that she described was not just at the place where she fell but "it seemed to be all over the floor." She testified, "I fell because I stepped on something that turned my ankle and it was so slippery there that that is what made me fall." She felt the stick "push." It was the turning of her ankle that caused her to fall. If it had not been for the grease on the floor she would not have fallen. By stepping on the stick, she then slipped on the floor that was greasy.

The manager of the store testified that the substance used by the defendant to dress the floor is called mycosheen, which is amber in color and has a fresh, clean smell. One man applies the dressing with a mop, and then another man takes up the excess dressing with a dry mop. Afterwards a white powder called feldspar is put on the floor. He did not know whether the floor was dressed on the morning of May 31, 1945. Sometimes the floor is dressed every two weeks, and sometimes once a month. Whether mycosheen is oily, he did not know. The floors are swept every night

after the store closes. The defendant sells shrubbery and floral baskets in the spring of the year, but does not use sticks to make baskets. Memorial wreaths and sprays were sold as late as May 29, 1945, and the floor was cleaned on the night of May 29, 1945. Shrubbery, rose bushes, wreaths and sprays were not sold in the aisle where the woman plaintiff fell. A florist testified that two marks on the stick were like marks made on sticks when one makes up a basket. A witness called by the defendant testified that the floor was wet, but not slippery.

Even if the jury could not have found that the stick came to be on the floor because of any act or neglect of the defendant, they could have found that the woman plaintiff would not have been hurt except for an oily and slippery substance which the defendant put on the floor. We think that the evidence presented a question for the jury. *Hutchins* v. *F. W. Woolworth Co., ante,* 5. *Ventromile* v. *Malden Electric Co.* 317 Mass. 132. The case is not governed by *Wetmore* v. *McLellan Stores Co.* 315 Mass. 443, where it was not shown that anything the defendant put on the floor contributed to cause the plaintiff's fall. *Laskey* v. *First National Stores Inc.* 317 Mass. 624, 628.

*Exceptions sustained.*