CARMINO R. DANIELE, administrator, & another *vs.* HOTEL
KIMBALL COMPANY.[1]

Hampden.   September 21, 1950. — November 2, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Stairway, Slippery place, One owning or controlling real
estate, Hotel.

Evidence at the trial of an action for personal injuries sustained by a
patron of a hotel when she slipped and fell on a wet step of a stairway
leading to an exit warranted a finding of negligence of employees of
the hotel proprietor in the manner in which the stairway had been
washed before the patron's fall and in failing to warn her of its con-
dition.

TORT.   Writ in the Superior Court dated January 29, 1948.

The action was tried before *O'Brien,* J.

*W. T. Cavanaugh,* for the defendant.

*H. A. Moran, Jr.,* for the plaintiffs.

COUNIHAN, J.   This is an action of tort begun by Jennie
DeMaio, hereinafter called the plaintiff, to recover damages
for personal injuries sustained as the result of a fall on a

[1] This case was begun by Jennie DeMaio and Emidio DeMaio.   At the
argument before this court it was stated that both plaintiffs had died and
that Carmino R. Daniele had been appointed administrator of the estate of
Jennie DeMaio and Carmino J. Cardarapoli administrator of the estate of
Emidio DeMaio. — REPORTER.

Daniele *v.* Hotel Kimball Co.

stairway in the hotel of the defendant in Springfield. Emidio DeMaio, her husband, in the same action sought consequential damages. G. L. (Ter. Ed.) c. 231, § 6A, as inserted by St. 1939, c. 372, § 1. The action was tried to a jury who found for the plaintiffs. It comes here on the exceptions of the defendant to the denial by the judge of motions for directed verdicts for the defendant. The only issue is whether there was any evidence of the defendant's negligence for the jury.

The substance of the evidence most favorable to the plaintiff was this: On the evening of October 1, 1947, a clear, pleasant night, the plaintiff with many others attended a social party in a room on the second floor of the defendant's hotel at which food was served by the defendant. At about 10:30 P.M. the plaintiff with other guests left the party and went down a stairway leading to an exit. On the last flight of this stairway, she fell on the second or third step from the top and was injured. The steps of the stairway were of white marble with metal strips on the front. The steps were wet and slippery. She had her hand on the railing but when she slipped and fell she could not hold on to it. Another guest who left when she did fell at the same time on the upper flight of this stairway. This guest testified that "the stairs was [*sic*] wet, kind of wet and soapy." The plaintiff's hands and those of the other guest were "all wet" after the falls. There was also testimony from the assistant manager of the hotel that he had a force of charwomen who were supposed to wash this stairway every night with soap and water. He also testified that the stairway was dry and in good condition at the time of the accident, and that the stairway had not been washed on that evening prior to the time of the accident. The jury, however, could accept or reject as much of this testimony as they chose.

We are of opinion that there was evidence from which the jury could reasonably find that the defendant or its servants were negligent in the manner in which the stairway was washed and in the failure to warn the plaintiff of

its condition. There was no error in failing to direct verdicts for the defendant.

The plaintiff was undoubtedly a business visitor of the defendant and the facts which could be found here are similar to those in *Judson* v. *American Railway Express Co.* 242 Mass. 269. The principles of law there expressed are controlling. "The plaintiff was rightfully in the defendant's office by its invitation and it owed her the duty to maintain the premises in a reasonably safe condition for her use in accordance with the invitation. . . . The question of the defendant's negligence also was for the jury. . . . It could have been found that, by reason of the washing and without sufficient time having elapsed for the floor to become dry, it was in a slippery and dangerous condition to walk upon, and that in the exercise of reasonable care for the safety of those who were rightfully on its premises the defendant should have given them some warning to prevent injury" (page 271). Compare *Ventromile* v. *Malden Electric Co.* 317 Mass. 132; *Laskey* v. *First National Stores Inc.* 317 Mass. 624; *Klironomos* v. *Rialto Theatre Co. Inc.* 325 Mass. 560.

Here the jury could reasonably find that the defect was the result of negligence of the servants of the defendant. In view of this there is no merit in the argument of the defendant that the defect must have existed for such a period of time that the defendant ought reasonably to have known of it. This is not a case like *Wetmore* v. *McLellan Stores Co.* 315 Mass. 443, where it was said, at page 445, "While it is true that the plaintiff observed what she described as oil at the point where she fell, this is not a description of anything disclosed by the testimony to have been put on to the floor by the defendant. . . . There is no evidence, except the description of the floor, as to how long the condition described had existed."

*Exceptions overruled.*