*Southern District*

*Municipal Court of Brookline*

No. 866 of 1951

## ANNE M. FITZGERALD
### v.
## CAIN'S LOBSTER HOUSE, INC.

*Sgarzi, J.* The plaintiff brings this action of Tort to recover for personal injuries which she allegedly sustained in a fall upon the premises of the defendant on Bridge Street, Weymouth, on September 4, 1950.

There was evidence at the trial (*Kopelman, J.*) that the plaintiff with her husband, James H. Fitzgerald and two friends, Alice and Isabella Glavin entered the restaurant of the defendant on Labor Day September 4, 1950 at about 5:30 P.M. and were directed by a hostess to three stools at one end of the Snack Bar. This snack bar was in the shape of a horse shoe and contained about thirty stools around it.

The room was illuminated by sunlight which entered through windows in the wall to the left of the entrance. The stools to which the plaintiff and her companions were directed were on the opposite side of the room so that the snack bar was between the windows and the stools. There was no artificial illumination. The floor of the Snack Bar was made of flag stones set in cement and about eighteen inches

beyond the last stool the floor declined to a lower level. This decline was also of flagstone construction.

The plaintiff while walking toward the stools pointed out by the hostess, fell to the floor in the vicinity of the last stool sustaining an injury and then slid forward down the incline. She was wearing a light blue cotton dress and white shoes which were clean when she put them on about an hour before the accident and thereafter the right side of her dress and right side of her right shoe "had black shiny dirt smurched on them."

The plaintiff testified that she saw no foreign substance on the floor but that it appeared to be polished and she felt her feet slipping as she walked causing her to lose her balance. The plaintiff's husband testified that she fell before reaching the decline and that after the accident he saw a *wax or grease like substance on the floor*. He also stated that the floor was not too tidy and that *the dirt or wax-like smurch on the plaintiff's skirt was dark, had a shine to it and could not be brushed off*.

Isabella Glavin testified that the floor was polished, shiny and slippery and that the shadow of the bar made the floor hard to see. She observed no foreign substance on the floor when the plaintiff fell but after she got up and went to the ladies room she saw shiny black dirt streaked on the side of the plaintiff's dress from hip to knee and also on the right side of the plaintiff's right shoe.

The manager of the defendant's establishment and one of the waitresses employed at the Snack Bar testified that immediately after the plaintiff fell they examined the floor and found no foreign substance thereon. They further testified that to their knowledge the floor had never been waxed prior to the accident but the waitress stated that she had observed men using mops, water and an unknown powder on the floor once every month or two. She had no recollection however as to the dates she had observed this. There was further evidence that it was a very busy

day at the snack bar, that the porter swept the floor with a broom every morning before its opening at 10:30 A.M. and that he never swept at any time while the place was open.

At the conclusion of the evidence the defendant filed the following request for ruling of law: "*The evidence does not warrant a finding for the plaintiff.*" This request was denied by the court who found for the plaintiff and assessed damages in the sum of $651.75.

The request of the defendant could only be granted if the evidence in its aspect most favorable to the plaintiff was insufficient in law to support a finding for the plaintiff. *Bangs v. Farr*, 209 Mass. 339; *N. E. Coca Cola Bottling Co. v. Gallagher*, 236 Mass. 60; *Sheppard v. N.Y., N.H. & H. R.R.*, 227 Mass. 234; *Abele v. Dietz*, 312 Mass. 685.

The defendant owed to its customers the duty to keep the premises reasonably safe for their use but was not an insurer of their safety. *White v. Mugar*, 280 Mass. 73.

This duty of the party in control of premises toward his invitees is described in the case of *Berube v. Economy Grocery Stores Corp.*, 315 Mass. 89 in the following language "The principles governing the duty of the defendant and those entering its store for the purpose of purchasing goods are firmly established to the effect that the defendant was bound to use due care to keep that portion of the premises provided for the use of its patrons in a reasonably safe condition, and to warn them of any dangers that might arise from such use by reason of a condition of the premises, which were not likely to be known to its patrons and of which the defendant knew or ought to have known."

In order to recover a plaintiff must prove that the defendant was negligent either in the manner in which the premises were kept or in allowing foreign substances to be upon the premises under

circumstances when he knew or should have known them to be there.

There is a line of cases where recovery by a plaintiff has been allowed where injury occurred as a result of the negligent manner in which the premises were kept or maintained. *Judson v. American Railway Express*, 242 Mass. 269; *Trottier v. Neisner Bros. Inc.*, 284 Mass. 336; *Lasky v. The First National Stores Inc.*, 317 Mass. 624; *Hutchins v. F. W. Woolworth Co.*, 324 Mass. 5; *Mason v. McLellan Stores Co.*, 324 Mass. 671; *Daniele, Adm. v. The Hotel Kimball Co.*, 326 Mass. 387; *Ventromile v. Malden Electric Co.*, 317 Mass. 132.

It does not appear that the instant case comes within the above class of cases. The most that could be found here is that the defendant caused the floor to be cleaned with mops, water and unknown powder once every month or two and there is nothing whatever to indicate when this was last done or that this practice of the defendant was not a proper one and consistent with good housekeeping procedures.

It could not reasonably be inferred that this occasional cleaning operation could account for "black shiny dirt" or the "wax or grease like substance" described by the witnesses.

The fact that the floor was not swept since 10:30 A.M. that morning is not a reasonable basis for inferring that the defendant was negligent since there was no evidence that the defendant knew or should have known of the presence of any condition which sweeping would correct. *Wetmore v. McLellan Stores Co.*, 315 Mass. 443; *Uchman v. Polish National Home Inc.*, 330 Mass. 563.

There is another line of cases where plaintiffs have been allowed to recover for injuries caused by the presence of foreign substances placed there by persons for whose conduct the defendant was responsible. *Berube v. Economy Grocery Stores Corp.*, 315 Mass. 89; *Jennings v. The First National Stores Inc.*, 295 Mass. 117 and other cases where recovery was allowed

because of the presence of foreign substances under conditions where the defendant knew or should have known of their presence. *Foley v. F. W. Woolworth Co.*, 293 Mass. 232; *Bavosi v. Interstate Theatres Corp.*, 307 Mass. 124; *Scaccia v. Boston El. Ry.*, 317 Mass. 245; *Anjou v. Boston El. Ry.*, 208 Mass. 273.

In all of these cases the substance has either been specifically identified or capable of reasonable description with circumstances from which a reasonable inference as to the length of time during which the condition existed could be inferred.

These circumstances necessary to make out a case of negligence against the defendant appear to be lacking in the case before us which seems to fall squarely within the line of cases in which the following are included. *Wetmore v. McLellan Stores Co.*, 315 Mass. 443; *Foley v. Hotel Touraine Co.* 326 Mass. 742; *Foote v. Waltham Netoco Theatres, Inc.*, 314 Mass. 674; *Newell v. Wm. Filene's Sons Co.*, 296 Mass. 489; *Kelleher v. Dini's Inc.*, 1954 239; *Uchman v. Polish National Home Inc.*, 330 Mass. 563.

There was prejudicial error in the denial of the defendant's request for ruling of law which should have been allowed. The finding for the plaintiff should be vacated and judgment entered for the defendant.

*It is so ordered.*

Wm. F. A. Graham, for the plaintiff.

James D. Casey, for the defendant.