CLIFFORD E. STEARNS *vs.* FISKE WARREN & others.

Worcester.    September 25, 1933. — October 25, 1933.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contract*, Implied.    *Evidence*, Extrinsic affecting writing.

At the hearing in a district court of an action for money had and received, it appeared that a landowner agreed to sell his land to the defendant on condition that it be made subject to a long lease; that, to comply with this condition, it was orally agreed between the landowner and the plaintiff that the plaintiff should take from the defendant such a lease and that in consideration thereof the landowner would pay the rent for the first three years thereunder and would pay a certain sum to the plaintiff; that a writing, signed only by the landowner and stating the payments which he was to make in "consideration for services rendered to me by" the plaintiff, was delivered to the plaintiff; that thereupon the landowner conveyed the land to the defendant and received from him the whole purchase price except $1,000 which the defendant retained, and the defendant made such a lease of the land to the plaintiff at an annual rental of $375; that, at the end of the first two years of the term of the lease, the plaintiff assigned it, and the defendant accepted a surrender thereof from the plaintiff and made a new lease to the assignee; that the assignee thereupon paid to the defendant the rent for the third year of the term of the old lease; and that the defendant did not agree at any time to pay to the plaintiff, the landowner, or anyone else any portion of the $1,000 in the event of a surrender of the lease. It did not appear that the defendant knew of the agreement between the plaintiff and the landowner. The plaintiff sought to recover the balance of the $1,000 remaining after satisfaction therefrom of the rent for the first two years of the term under the old lease, contending that the retention of the $1,000 was an advance payment of three years' rent for the benefit of the plaintiff, so that such balance ought to be paid to the plaintiff as a consequence of the surrender of his lease previous

to the expiration of the first three years. Testimony was admitted without objection to the effect that it was agreed among the plaintiff, the landowner and the defendant at the time of the sale to the defendant that the $1,000 should be withheld from the purchase price as security for the rent under the old lease as it became due. The trial judge found for the defendant. *Held,* that

(1) The testimony admitted was entitled to its full probative value; the parol evidence rule was not applicable to prevent its consideration because the defendant was not a party to the agreement between the landowner and the plaintiff stated in the writing signed by the landowner, that the landowner should pay the rent for three years, and also because the agreement described in such testimony, that the $1,000 should be retained by the defendant as security for the rent, was consistent with the agreement stated in the writing;

(2) The finding for the defendant imported a finding that the $1,000 had been retained by the defendant as security for the payment of the rent for the first three years;

(3) Rulings requested by the plaintiff, to the effect that he was entitled to any benefit resulting from payment by the landowner of the three years' rent in advance, properly were refused as not applicable to the facts found.

CONTRACT. Writ in the Second District Court of Eastern Worcester dated February 9, 1932.

The action was heard in the District Court by *Buttrick,* J. Material evidence, facts agreed upon and rulings given and refused are described in the opinion. The judge found for the defendants. A report to the Appellate Division for the Western District was ordered dismissed. The plaintiff appealed.

*F. M. Qua,* (*W. F. Howard* with him,) for the plaintiff.

*G. E. O'Toole,* for the defendants, submitted a brief.

PIERCE, J. This is an action of contract wherein the plaintiff seeks to recover $300 for money had and received for the plaintiff's use. The answer is a general denial and a plea of payment.

As the case was left with the court, it was agreed on behalf of both plaintiff and defendants as follows: "1. That, in the early part of the year 1929, one Standish was the owner of certain land in Harvard, in said Commonwealth. 2. That Standish was negotiating to sell the land to the defendants. 3. That the defendants refused to buy the land of Standish unless said land was made subject to a ninety-nine year lease. 4. That, to meet the defendants' demand,

Standish entered into negotiations with the plaintiff looking toward the plaintiff's taking such a lease from the defendant. Regarding this, Standish testified that he and the plaintiff orally agreed between themselves that the plaintiff would take from the defendants a ninety-nine year lease and that in consideration of his doing this, Standish would pay the rent for one year in advance and would also pay the plaintiff $500; that it was further agreed that Standish and the plaintiff would exert themselves to sell the lease at a profit and that in the event of such sale, the profits of the transaction would be equally divided between them; that at some later date, which date was not fixed definitely in the testimony, the period for which Standish was to pay the rent in advance was extended to three years and the cash payment was reduced from $500 to $250. 5. That a writing to this effect, not dated, and written in longhand, was signed by Standish and delivered to the plaintiff shortly before papers were passed as hereinafter set forth. A copy of this writing marked Exhibit 'A' is attached . . . [to the statement of facts agreed to and made a part thereof]. There was no testimony that at the time the papers were passed, the defendants had any knowledge of the existence of this writing or of the agreement between Standish and the plaintiff. 6. On March 19, 1929, Standish deeded the land to the defendants and the defendants on the same date leased the land to the plaintiff for ninety-nine years at a rental of $375 per annum, payable in advance on April 1 of each year, with a small additional payment to be made in order to adjust rental for the period from March 19, 1929, to April 1, 1929, when the first year's rental should be payable. 7. That the defendants paid to Standish at the time the papers were passed the purchase price of the land except the sum of $1,000. . . . There was no evidence that plaintiff, subsequent to the time of the execution and delivery of Exhibits 'A,' 'B,' 'C,' 'D' and 'E,' entered into any agreement or contract affecting any right, title or interest he may have had in said $1,000. 8. That on or about March 30, 1929, after the papers had been recorded, the defendants mailed and plaintiff received the letter, a copy

of which marked Exhibit 'B' is attached hereto and made a part hereof, enclosing in said letter the receipts, copies of which marked 'C' and 'D,' respectively, are attached hereto and made a part hereof. 9. That on or about April 1, 1929, defendants mailed and plaintiff received the letter, a copy of which marked Exhibit 'E' is attached hereto and made a part hereof. 10. That there was no understanding or agreement at any time that the defendants would accept a surrender of the plaintiff's lease in case he should assign or sell the same; nor that the defendants would refund to the plaintiff or to Standish or to any one else any portion of the $1,000 withheld from the purchase price, in case of an assignment or surrender of the lease. 11. That on or about November 6, 1930, the plaintiff entered into an agreement to sell and assign his lease to one Guptile, a copy of which agreement marked Exhibit 'F' is attached hereto and made a part hereof and that in accordance with this agreement, he did assign it and was paid $1,250 by Guptile for the assignment. Standish testified that previous to the assignment of the lease to Guptile, he (Standish) had been informed by a banker in Concord, Massachusetts, that Guptile was in the market for such a lease; that thereupon Standish had a conference with Guptile and interested him in this lease, that he told the plaintiff about this and that later Standish learned that Guptile had purchased the lease from the plaintiff and that then Standish went to the plaintiff and demanded his share of the profits, but that the plaintiff declined to pay him anything. 12. That on or about April 1, 1931, said Guptile went into possession of the premises and paid the rent coming due on said date under the lease for the year ending March 31, 1932, and amounting to $375. 13. That on or about April 1, 1931, defendants accepted a surrender of plaintiff's lease and leased the premises to Guptile. 14. That on or January 21, 1931, Standish was indebted to the defendants for milk and that in consideration therefor he executed and delivered to the defendants an instrument, a copy of which marked Exhibit 'G' is attached hereto and made a part hereof. 15. That in March or April, 1931, the plain-

tiff-made demand upon the defendants for the payment to him of such portion of the $1,000 as remained after payment of the rent up to April 1, 1931, amounting to $240.75; that the defendants did not honor this demand and told the plaintiff that Standish was claiming that this money belonged to him; and that no part of this money has ever been paid to the plaintiff. 17. In the course of the trial the defendants introduced evidence tending to show that on defendants' accounts, copy of which is attached and marked Exhibit 'H,' interest on $617.87 to March 31, 1930, amounting to $37.07 had been credited to Standish and that he had received the benefit thereof by credit upon another balance owed by Standish to defendants. In explanation of this, plaintiff testified that he agreed with Standish to lend the same to Standish for such use as he might wish to make of it."

At the conclusion of the evidence and before argument the plaintiff submitted certain requests as follows: (1) "An action for money had and received lies to recover money which should not in justice be retained by the defendant and which in equity and good conscience should be paid to the plaintiff." (2) "The right to recover for money had and received does not depend upon privity of contract, but on the obligation to restore that which the law implies should be returned where one is unjustly enriched at another's expense." (3) "No demand need precede an action for money had and received." (4) "Where rent is paid in advance on behalf of the lessee, it is presumably intended to enure for his use and benefit"; (5) "If the plaintiff as lessee under a lease from the defendant for ninety-nine years assigns his lease to a third person, he remains liable for the rent under said lease in the absence of a special agreement with the defendants to the contrary or a surrender of the lease"; (6) "In the absence of a special agreement to the contrary, the assignee of a lease, as between him and the assignor, is not entitled to the benefit of rent paid in advance by the assignor"; (7) "If George Standish, in consideration of the plaintiff's taking a lease for ninety-nine years from the defendants, agreed to pay for the plaintiff the rent for three

years in advance, the payment of such rent by Standish presumably enures to the benefit of the plaintiff in every respect including the right to recover back said payment on the plaintiff's behalf upon the assignment of the lease by the plaintiff to a third person before the three years has expired"; and (8) "Upon all the evidence, judgment should be entered for the plaintiff upon the grounds that he is entitled in every respect to the benefit of the rent paid in advance by Standish on his behalf as consideration for the plaintiff's taking the lease from the defendants." The judge granted requests numbered 1, 2, 3, 4 and 5, and refused 6, 7 and 8 as not applicable to the facts found; and found for the defendants. The plaintiff duly "requested a report upon all matters hereinbefore set forth." "This report contains all the evidence material to the questions reported." The plaintiff claiming to be aggrieved by the aforementioned rulings and refusals to rule as requested and by the decisions and findings of the court, the trial judge reported the same to the Appellate Division for determination. The case is before this court upon an appeal from an order of the Appellate Division dismissing the report.

As the plaintiff contends, it was undisputed at the trial and is undisputed in the report that the defendants have received the sum of $375 from the assignee of the lease, Guptile, for rent from April 1, 1931, to April 1, 1932, and the sum of $240.75 as that portion of the $1,000 not required to pay rent to April 1, 1931. It was also undisputed that on April 1, 1931, the defendants accepted a surrender of the plaintiff's lease and that the defendants leased the premises to one Guptile; that "there was no understanding or agreement at any time that the defendants would accept a surrender of the plaintiff's lease in case he should assign or sell the same; nor that the defendants would refund to the plaintiff or to Standish or to any one else any portion of the $1,000 withheld from the purchase price, in case of an assignment or surrender of the lease."

It is the contention of the plaintiff that the defendants will be unjustly enriched unless they refund the excess to whomever is entitled to it. The record does not disclose

that Guptile has made or makes any claim to any part of the $1,000 left with the defendants by Standish to pay or insure the payment of rent by the plaintiff. Such being the fact the plaintiff contends the unused money in the possession of the defendants should be paid to him. This contention in the main rests upon the undated agreement, signed by Standish and delivered to the plaintiff before the papers referred to in the report were passed. The agreement, without the caption reads: "In consideration for services rendered to me by Clifford E. Stearns —: I, George Standish agree to pay, for said Stearns, the rent (for three years — payable in advance) on orchard and land owned by Fiske Warren — formerly by me — and leased by said Warren to said Stearns. Also: I give to said Stearns one spray outfit, now owned by me, and five hundred ($250) dollars in cash; at the time of passing papers." Relying upon this written agreement the plaintiff makes the contention that this writing cannot be varied or changed by parol evidence which is prior to or simultaneous with the writing, and that this is true even though no objection is made to the introduction of the parol evidence. *DePasquale* v. *Bradlee & McIntosh Co.* 258 Mass. 483. The rule invoked is one of substantive law, *Pelonsky* v. *Wattendorf*, 255 Mass. 558, 562, but it is not applicable where the contract, as here, is not all expressed in the writing, or the terms of the agreement are modified by subsequent oral agreement. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, and cases cited. *Hill* v. *Whidden*, 158 Mass. 267. Nor was the rule applicable to the defendants, who were not parties to the contract and had no "knowledge of the existence . . . of the agreement between Standish and the plaintiff" when they paid the purchase price of the land to Standish with the exception of $1,000. *Guaranty Security Corp.* v. *Eastern Steamship Co.* 241 Mass. 120, 123.

The statement in the report that there was no evidence that the plaintiff, subsequently to the time of the execution and delivery of the exhibits, entered into any agreement or contract affecting any right, title or interest he may have

had in said $1,000, adds nothing affirmatively to the question, Was the deposit of $1,000, which was a part of the purchase price of the property in question, left in the hands of the defendants by the grantor, Standish, at the time of passing of the papers as security for the payment of the first three years' rent as it became due and payable from the plaintiff, or was the advance payment of three years' rent intended as a benefit to the plaintiff and to be treated as property of the plaintiff and released in whole or in part to him in case the defendants should accept a surrender of the lease at any time within three years from the date of the lease?  At the trial the plaintiff "testified on cross-examination that this sum of $1,000 . . . was to be deposited with the defendants and that as rental payment[s] came due, they were to be deducted from this deposit; that the deposit was to carry interest at the rate of six per cent per annum on the balance remaining due after each application of money for the rent and that this interest was his." Standish testified "that the $1,000 deposit was to be held 'in escrow' by Warren for the payment of the rent as payments became due and that this interest was to be his." McLennan, superintendent and general manager for the defendants, "testified that on the occasion when the papers were about to be passed he was present; that he told Warren in the presence of the plaintiff and of Standish that there should be security furnished for the payment of the rent for at least three years, and that after some discussion, it was agreed that the sum of $1,000 . . . would be withheld from the purchase price as security for the rent as it became due and payable and that these terms were agreed upon by those present."  The agreement which the court could have found was adopted by the plaintiff, Standish and the defendants, was entirely consistent with the agreement of Standish "to pay, for said Stearns, the rent (for three years — payable in advance)" and was not inadmissible in evidence.  The testimony of the plaintiff, of Standish, and of McLennan was received without objection and was entitled to its full probative value.  *Damon* v. *Carrol,* 163 Mass. 404.  *Hubbard* v. *Allyn,* 200 Mass. 166, 171.  *Spiller* v. *Atchison, Topeka &*

*Santa Fé Railway,* 253 U. S. 117, 130.   Although not explicitly stated by the trial judge, the inference is plain that he found as a fact that the $1,000 remaining in the defendants' hands at the time of the purchase of the property by the defendants from Standish was in fact a deposit as security for the payment of the first three years' rent as it became due from year to year; and so finding, he denied rightly the requests for rulings numbered 6, 7 and 8 as not applicable to the facts found by him.

*Order "Report Dismissed" affirmed.*