JANE W. KAY *vs.* EDITH M. AUDET.

SAME *vs.* EDITH M. AUDET & another.

Norfolk.    May 8, 9, 1940. — June 25, 1940.

Present: FIELD, C.J., LUMMUS, COX, & RONAN, JJ.

*Practice, Civil,* Report; Exceptions: waiver. *Negligence,* One owning or controlling real estate. *Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Lodging house.

Exceptions not argued before this court are waived although presented in a report by the trial judge.

A finding of negligence of the proprietor of a lodging house toward a lodger injured through slipping and falling on the floor of the kitchen, which the lodger had a right to use as an invitee, would not have been warranted by evidence merely that shortly before the accident the floor had been waxed and polished for the first time and was slippery, without evidence that the wax was unfit or improperly applied.

That wax had been improperly applied to a floor on which a plaintiff slipped and fell was not shown by statements by the defendant, in control of the floor, that he had told the maid who applied the wax

that he "thought" she had put on too much and not to put on any more, but that she had put on more; that he wished the maid had not applied the wax; and that if he had not allowed her to apply it the accident might not have happened.

TWO ACTIONS OF TORT. Writs in the Superior Court dated August 12, 1937.

The actions were tried before *Williams,* J.

*W. White,* for the plaintiff.

*E. Field,* (*R. H. Field* with him,) for the defendants.

Cox, J. This is a report of two actions of tort brought by the plaintiff to recover damages for personal injuries that resulted from her slipping and falling on the kitchen floor of a lodging house owned by the defendants. By direction of the trial judge verdicts were returned for the defendants, and the cases were reserved for report to this court for the determination of the correctness of the judge "having so directed the jury." G. L. (Ter. Ed.) c. 231, § 111. The report contains stipulations of the parties in substance providing that if, apart from evidence, if any, improperly admitted over the defendants' exceptions in each case, verdicts were rightly ordered, judgment is to be entered for the defendants, as the case may be; otherwise judgment is to be entered for the plaintiff.

The record discloses that the defendants saved several exceptions to the admission of evidence, but they have not argued any of them. This court ordinarily "spends no time in the elucidation of matters not deemed by those in interest as worthy of their own reasoning faculties," *Commonwealth* v. *Dyer,* 243 Mass. 472, 508, and the fact that their right to present their contentions here was saved to them by a report rather than by a bill of exceptions does not require a different procedure from that prevailing with respect to a bill of exceptions or an appeal. See *Carangias* v. *Market Men's Relief Association, Inc.* 293 Mass. 284. No opinion as to the merits of the exceptions that have not been argued is required, and we proceed to consider the cases on the evidence presented by the record. See *Mahoney* v. *Harley Private Hospital, Inc.* 279 Mass. 96, 100; *Revere* v. *Revere Construction Co.* 285 Mass. 243, 247;

*Walner* v. *Sorentino*, 288 Mass. 75, 78. Compare *Butterick Publishing Co.* v. *Fisher*, 203 Mass. 122, 132–133.

The plaintiff and her husband occupied a room on the first floor of the premises in question at the time of the plaintiff's injury, and we assume, without deciding, that at that time she had the rights of an invitee in her use of the kitchen where she fell, see *Domenicis* v. *Fleisher*, 195 Mass. 281, and we also assume that her injuries were sustained by reason of the slippery condition of the floor. The kitchen, five and one half by eleven and one half feet, contained a sink, table, range and wooden cabinet. The entrance was through another room by a door which was about four feet from the right hand wall. In this wall there was a window four feet high and about two feet three inches wide, entirely above the range. From the door to the table it was "very close to three feet."

The jury could have found that at the time of her injury, four o'clock on April 10, 1937, in "broad daylight," the plaintiff went to the kitchen, and as she stepped on the floor her foot slipped and she fell. While on the floor, she saw a "streak" where her heel or shoe had scraped. "Her first step in the door, her foot went out from in under her. . . ." This streak was distinguishable from the rest of the floor — which was covered with linoleum — it was lighter. Two days before the injury the defendants' maid had waxed the floor, and there was evidence that the female defendant said that she told the maid that "she thought she had put too much on, and not to put any more on, but . . . [the female defendant] told . . . [the witness] that . . . [the maid] did put more on, on April 9." There was further testimony that the female defendant said, after the accident, "Oh, I wish . . . [the maid] hadn't put that wax on the floor"; that she said how sorry she felt that it had happened and that "if she hadn't let . . . [the maid] put any wax on the floor, that it might not have happened." The plaintiff's husband, who saw the floor shortly after the accident, testified that its condition appeared to be about the same as it had been previously; that it looked "neat and clean"; that there was no outstanding appearance

about it, nothing unusual except this mark. The plaintiff testified that she did not notice anything unusual about the appearance of the floor except the mark and the "lighter shade"; and that "As far as she could see the floor was all right."

There was evidence that the defendants had never used wax on the floor before; that on the Monday before the injury, which was on a Saturday, the maid had washed the floor and applied a commercial liquid wax that dries in twenty minutes, which she had used on her own floors for a number of years; that on Friday, the ninth, she applied another coat that dried in twenty minutes, leaving the floor dry and smooth, and "polished like ordinary hospital corridors. It was nicely polished"; that the linoleum did not take a very good "shine" and had a dull finish, with a rougher surface than the linoleum on the "court room" floor and in about the same condition as to slipperiness. The plaintiff contends that, upon the permissible findings of fact, the jury was warranted in finding that one or both of the defendants were negligent.

There are some things a landlord may do with respect to that part of the premises under his control to which a tenant has access that are not acts of negligence although injury to the tenant may thereby result. For example, in *McGowan* v. *Monahan*, 199 Mass. 296, 298, it was held that placing a mat in a common passageway before the outer door of a tenement was, as matter of common experience, usual and ordinary, and a thing that all using the passageway must be taken to expect, "and no warning is necessary when it is first done." The absence of carpets and the use of linoleum as a floor covering, together with the use of wax on a wooden floor or linoleum, are matters of common experience, by no means unusual or out of the ordinary. It has been held that an owner, in treating a floor, may use wax or oil or other substances in the customary manner without incurring liability to one who slips and falls thereon unless the owner is negligent in the materials he uses or in the manner of applying them, *Smith* v. *Union & New Haven Trust Co.* 121 Conn. 369, 371; that

it is not negligent *per se* to oil a floor, *Tenbrink* v. *F. W. Woolworth Co.* (R. I.) 153 Atl. 245; that the common use of waxed and polished floors, covered with small rugs in homes and apartments is a matter of common knowledge, and that they are not inherently dangerous to invitees, *Brown* v. *Davenport Holding Co.* 134 Neb. 455, 456; that the fact that the owner from time to time oiled a floor is not of itself evidence of negligence, *Mona* v. *Erion*, 223 App. Div. (N. Y.) 526, see *Abt* v. *Leeds & Lippincott Co.* 109 N. J. L. 311; that a floor of concrete with a smooth finish covered with a thin coating of linseed oil to prevent dust is not, in and of itself, a matter of negligence, *Abbott* v. *Richmond County Country Club*, 211 App. Div. (N. Y.) 231. See *Diver* v. *Singer Manuf. Co.* 205 Penn. St. 170; *Spickernagle* v. *Woolworth*, 236 Penn. St. 496; *Kipp* v. *F. W. Woolworth & Co.* 150 App. Div. (N. Y.) 283, appeal dismissed, 206 N. Y. 628.

The plaintiff contends that actionable negligence of one or both of the defendants could have been found (1) from the testimony of statements that the jury could have found that the female defendant made after the injury, and, (2) by way of comparison, in consequence of the testimony that the floor was polished like ordinary hospital corridors, and, so far as slipperiness was concerned, that it was in about the same condition as the linoleum on the court room floor. As to the second contention, we are of opinion that mere slipperiness, in and of itself, does not establish negligence, *McGuire* v. *Valley Arena Inc.* 299 Mass. 351, and that the comparison afforded by the testimony, in and of itself, did not establish a basis on which to find negligence. As to (1), there is no contention that the floor was improperly constructed or that it was out of repair, or that the wax that was applied was unfit or improper for the purpose for which it was used. Unless, therefore, the jury was warranted in finding that the wax was improperly applied, we are of opinion that the plaintiff fails to establish a breach of any duty of the defendants. The alleged statements of the female defendant that she wished the maid had not put wax on the floor, and that, if she had not, the

injury might not have occurred, are consistent with the expression of the thought that the application of any wax on the floor might have caused the plaintiff's injury. The statement to the effect that the female defendant "thought" the maid had put on too much wax and that she told her not to put on any more goes a little further than the other statements. But, even so, we are of opinion that it did not warrant a finding of negligence on the part of the defendants or either of them. Although the jury could have disbelieved the testimony to the effect that the kitchen floor dried in twenty minutes after the wax was applied, not only after the first application, but also after the application on the Friday before the injury, nevertheless there is no other evidence in the cases as to the condition of the floor except as hereinbefore related. This is not a case where it can be said that the plaintiff's injury would not have happened without fault on the part of some one. The cases at bar are distinguishable from *Barnett* v. *Roberts*, 243 Mass. 233, 236, as to the force and effect of the statements of the female defendant. They are also distinguishable on the facts from *Paull* v. *Radlo*, 293 Mass. 521. See *Kitchen* v. *Women's City Club of Boston*, 267 Mass. 229; *Crone* v. *Jordan Marsh Co.* 269 Mass. 289; *Peterson* v. *Empire Clothing Co.* 293 Mass. 447; *McGuire* v. *Valley Arena Inc.* 299 Mass. 351.

It follows that in each case judgment is to be entered on the verdict.                                    *So ordered.*