EVELYN VENTROMILE & another *vs.* MALDEN ELECTRIC
COMPANY
(and a companion case [1]).

Middlesex.     April 4, 1944. — October 5, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Negligence*, Office, Slippery substance.

At the trial of an action by a business visitor in an office jointly occupied by two corporations, only one of which was responsible for the janitor service therein, for personal injuries sustained when the plaintiff slipped on a substance on the floor which she described in her testimony merely as "sticky, oily, shiny . . . wet," testimony by her, admitted

---

[1] The companion case is by the same plaintiffs against Malden and Melrose Gas Light Company.

without objection, that, to one as to whose duties there was no evidence except that he was an employee of the corporation which was not responsible for janitor service, she had stated, as she was being helped to a chair, that "there was wax on the floor," though incompetent, was entitled to its probative value, and findings would have been warranted that wax had been applied to the floor by the corporation responsible for janitor service and that the plaintiff's fall was caused by negligence of that corporation in the application of the wax or in inviting her to walk on the floor before it became dry.

A defendant jointly occupying an office with another defendant who was solely responsible for the janitor service, could not be found liable for personal injuries sustained by a business visitor of both of them in a fall caused by negligence in applying wax to the floor or in inviting the visitor to walk on the floor before it was dry, where there was no evidence from which it could be inferred that the first defendant should have discovered the condition of the floor before the plaintiff fell.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 11, 1943.

The cases were tried before *Walsh*, J. Besides the evidence stated in the opinion, the record recited that, when the plaintiff Evelyn fell, Buckley, the employee of the defendant Malden and Melrose Gas Light Company, "came over with another man and both of them helped her to her feet"; that after she "talked with the cashier and paid her bill," she was "assisted by Buckley to a chair, but as she walked to the chair she stopped to examine the place where she fell"; that she "then turned to Buckley and told him that there was wax on the floor." There was no evidence that Buckley made any reply to her.

*D. Gorfinkle,* for the plaintiffs, submitted a brief.

*G. S. Lowden,* for the defendants.

WILKINS, J. The female plaintiff, a business visitor, by these actions of tort seeks to recover for personal injuries sustained by slipping on the floor of premises occupied by both defendants. The male plaintiff, her husband, sues for consequential damages. These cases are here upon exceptions to a directed verdict for each defendant. The only testimony was by the female plaintiff, hereinafter called the plaintiff. On October 11, 1940, a clear, dry day, about 9:30 A.M. she entered the premises, which consisted of a large well-lighted room on the street floor used in part for display purposes, in order "to pay a bill to both defendants."

She had been there frequently. From the front door there was a clear space about ten feet wide forming an aisle leading to the cashier's cage about thirty-five feet toward the rear. The floor was covered with what looked like an inlaid linoleum. There was no one in the aisle. At the further end of the aisle, to the right, about eight or ten feet from the cashier's cage, stood one Buckley, an employee of the defendant Malden and Melrose Gas Light Company, who was facing away from her. In the cage one of the cashiers was looking in her general direction. When the plaintiff reached a point eight or ten feet from the cage her left heel slipped and she fell. In an effort to get up quickly she fell again in a sitting position. She saw "a shiny substance on the floor" where she fell, "a sticky, oily, shiny substance about half the size of her hand. It was wet." She saw a skid mark about the length of her hand. She told Buckley that there was wax on the floor. The plaintiff further testified "that the floor always looked awfully slippery; it looked shiny as though it had been waxed and had a high polish on it; it had looked that way on the other occasions when she had been there." She also testified that in answer to interrogatories "she had stated that the foreign substance which she described as being shiny, oily and sticky covered that portion of the floor on which she fell and that was the fact and was true."

As to the responsibility for the premises of the respective defendants the record merely states: "It was agreed at the trial that the defendant, Malden and Melrose Gas Light Company, occupied the street floor jointly with the defendant, Malden Electric Company, under an arrangement by which the Malden and Melrose Gas Light Company paid a fixed monthly rental and the Malden Electric Company furnished the light, heat and janitor service." From this it could have been inferred that the defendant Malden Electric Company, and not the defendant Malden and Melrose Gas Light Company, was in charge of waxing the floor, if this was in fact done. Compare *Teall* v. *Harlow*, 275 Mass. 448; *Fagan* v. *Mayor, Aldermen & Commonalty of New York*, 84 N. Y. 348, 352.

The plaintiff was on the premises by invitation of both defendants, each of whom owed to her the duty of care owed to a business visitor. *Blease* v. *Webber*, 232 Mass. 165, 167. *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320, 321. *Heina* v. *Broadway Fruit Market, Inc.* 304 Mass. 608, 610. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227, 229.

If the plaintiff fell because of what was, strictly speaking, a foreign substance, and this was not placed there by either of the defendants, there could be no recovery, as it does not appear how long the condition described had existed, or that the defendants ought to have known of it. *Cheetham* v. *Crescent Gardens Operating Co.* 311 Mass. 320. *Wetmore* v. *McLellan Stores Co.* 315 Mass. 443. But if the floor had been waxed, and if the substance on which the plaintiff slipped was about half the size of her hand and was wax that was sticky, oily, and wet, this would be evidence of improper application or of negligent invitation to walk on the floor before it was dry. *Judson* v. *American Railway Express Co.* 242 Mass. 269, 271. *Paull* v. *Radlo*, 293 Mass. 521, 525. See *Zanes* v. *Malden & Melrose Gas Light Co.* 298 Mass. 569, 570. There was no direct testimony that the substance was wax or, indeed, that anyone had waxed the floor. The plaintiff, though, testified that after she fell she told Buckley that there was wax on the floor. This was of no effect as an admission by either defendant, because there was no evidence as to Buckley's duties or as to his authority by silence or otherwise to bind in this respect the one defendant which was his principal. *Parsons* v. *Dwight-state Co.* 301 Mass. 324, 327. *Liberatore* v. *Framingham*, 315 Mass. 538, 541. It was mere hearsay. *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 11. *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12, 14. Incompetent evidence, however, which has been admitted without objection is entitled to its probative force. *Rapson* v. *Leighton*, 187 Mass. 432, 435. *DuBois* v. *Powdrell*, 271 Mass. 394, 397. *Mahoney* v. *Harley Private Hospital, Inc.* 279 Mass. 96, 100. *Stearns* v. *Warren*, 284 Mass. 268, 275. See *Solomon* v. *Dabrowski*, 295 Mass. 358, 359; *Ryan* v. *DiPaolo*, 313 Mass. 492, 494. Although this evidence was slight, the

jury could have inferred from it and the other evidence that wax had been applied to the floor, and that the plaintiff had fallen because of negligence in its application or in inviting the plaintiff to walk on the floor before it was dry. If the plaintiff's testimony be interpreted as inconsistent with her answer to interrogatories, it was nevertheless for the jury to say to what it amounted. *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311, and cases cited. *Fitzgerald* v. *McClymont*, 314 Mass. 497, 499. Cases of mere slipperiness are distinguishable. See, for example, *Crone* v. *Jordan Marsh Co.* 269 Mass. 289; *McGuire* v. *Valley Arena Inc.* 299 Mass. 351; *Kay* v. *Audet*, 306 Mass. 337.

Since the waxing of the floor could have been found to have been done by the defendant Malden Electric Company, it follows that its motion for a directed verdict should not have been allowed. The motion of the defendant Malden and Melrose Gas Light Company, however, was rightly allowed, as it could not have been inferred that this defendant should have discovered the condition of the floor before the plaintiff fell. *O'Leary* v. *Smith*, 255 Mass. 121, 123. *White* v. *Mugar*, 280 Mass. 73, 75. Not enough appears in the meager record to bring the action against this defendant within *Rouillard* v. *Canadian Klondike Club, Inc.* 316 Mass. 11, or within *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540, and *Barron* v. *McLellan Stores Co.* 310 Mass. 778.

In the action against the Malden Electric Company the exceptions are sustained. In the action against the Malden and Melrose Gas Light Company the exceptions are overruled.

*So ordered.*