GRACE M. HUTCHINS *vs.* F. W. WOOLWORTH CO.

Norfolk. November 3, 1948. — March 3, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Store, Slippery substance. *Proximate Cause.*

On conflicting evidence at the trial of an action against the proprietor of a store for personal injuries sustained by the plaintiff in a fall on a wet floor of the store on a rainy day, findings were warranted that, due to the application by the defendant of an oily preparation to the floor over a considerable period of time in a negligent manner, a dangerous condition of the floor had resulted and that such condition was the cause of the plaintiff's fall and injury.

TORT. Writ in the Superior Court dated October 5, 1945. The case was tried before *Hanify*, J.

*R. W. Cornell*, (*W. I. Badger* with him,) for the defendant.
*W. Kopans*, (*R. P. Reilly* with him,) for the plaintiff.

WILKINS, J. In this action of tort by a customer who was hurt by a fall on the floor of the defendant's store, there was a verdict for the plaintiff. The defendant's only exception is to the denial of its motion for a directed verdict. It argues that there was no evidence of negligence or of causation.

It was the evening of a rainy day, and, in view from the door by which the plaintiff entered, there was an indentation in the floor containing a puddle "about two feet wide, and maybe larger," one quarter to one half inch deep, and "dark in color." The floor was of wood, and "very wet where everybody's feet left wet tracks — it would leave puddles all around there." It was an oily floor, "very dark in color." There was no sawdust anywhere. Upon taking three or four steps after entering the plaintiff fell. Her sensation was that she could not save herself "although she tried." She landed "right in the puddle." She slid along, she "slid into the puddle." There were marks made by her shoes. She was lying in the puddle on her back, and was there about twenty minutes. While on the floor, "she felt oil all around at the place where she was sitting, and it was oily up against the counters." Her hands were in the water, and afterwards on her hands, which had been clean before, she saw "thick and gritty oil." The puddle was so big that she thought it would be noticeable while she was on the floor. The foregoing is from the testimony of the plaintiff and from that of another witness who was in the store at the time. The latter also testified that the floor "was dark, oil color, very dark and they oil it once in a while"; that she had seen them "put the oil in the water as they wash the floor every Saturday night at the close of the meeting"; that some Saturday nights she had been passing by and had seen them; that she could not tell the exact date of the last time she had seen them before the

accident; and that it might have been a week or two earlier.

There was evidence from the defendant that the floor had never been oiled, but that a certain floor preparation was used about once in six weeks. The defendant's store manager testified that he did not know whether the floor preparation was oily.

There was no error. The jury could find that oil or an oily preparation had been applied to the floor over a considerable period of time, that it had been done negligently, and that as a result a dangerous condition existed which caused the plaintiff's fall. It is unnecessary to consider refinements based upon the plaintiff's testimony that she slid along, that "she slid into the puddle," and any inherent question whether she started falling before or after she reached the puddle. It would be quite enough if on the floor where she fell there was "thick and gritty oil" in sufficient quantity to soil her hands (see *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, 135), particularly if in combination with a generally wet condition. The defendant apparently concedes that there was evidence warranting a finding that the floor was excessively oily inside the puddle, but not outside. We think that this is too narrow an interpretation of the evidence. The jury was not required to find that the "thick and gritty oil" on the plaintiff's hands came exclusively from contact with the floor inside the puddle in its form and shape prior to the displacement which necessarily occurred from the plaintiff's lying or sitting in it. It could find that the substance on her hands was representative of what was to be found on the floor surrounding the original puddle.

Cases of this type are fraught with narrow distinctions. The present action seems to bear a closer resemblance to *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12, *Trottier* v. *Neisner Brothers, Inc.* 284 Mass. 336, *Paull* v. *Radlo*, 293 Mass. 521, and *Laskey* v. *First National Stores Inc.* 317 Mass. 624, than to the cases relied upon by the defendant.                                    *Exceptions overruled.*