FANNIE MURRAY vs. JOHN DONELAN.

Middlesex.   October 7, 1955. — November 8, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence, Store.*

Evidence warranted a finding of negligence on the part of the proprietor
of a store in maintaining a piece of tin nailed to the floor upon which a
customer slipped and fell on a rainy day when the floor was wet and the
wet piece of tin was slipperier than the floor.

TORT.   Writ in the Superior Court dated April 13, 1953.
The action was tried before *Morton*, J.

*Daniel A. Lynch*, (*Jeremiah F. Murphy, Jr.*, with him,)
for the defendant.

*John E. Leggat*, for the plaintiff.

WILKINS, J.   On November 22, 1952, "a very windy,
stormy day," the plaintiff was a business invitee in the de-
fendant's store.   It was "raining very hard."   The "floor
was very wet."   After looking at a cocoanut display the
plaintiff "took four or five steps to the rear of the store . . . ,
all of a sudden, she stepped on something and slid . . . she
stepped on something slippery . . . it was slipperier than
the floor."   In March, 1954, the plaintiff went back to look
at the floor.   At "the exact spot" where she fell she "found
a piece of tin that was nailed to the floor."   The foregoing
was the testimony of the plaintiff, who, so far as the record
discloses, was the only witness.   It was agreed at the trial
that from the time of the plaintiff's injury there had been
no physical changes in the floor.   The jury returned a ver-
dict for the plaintiff.   The defendant's only exception is to
the denial of his motion for a directed verdict.

The defendant contends that there is nothing to indicate
negligence on his part, and that the cause of the plaintiff's
fall is a matter of conjecture.   We cannot agree.   The jury

could find that on a rainy day, when the floor was wet, at the exact spot of the fall a piece of tin was nailed to the floor; that the piece of tin in conjunction with wetness was slipperier than the floor; that the defendant was negligent in maintaining the floor in such a condition; and that this condition was the cause of the plaintiff's fall. There was nothing to warrant, much less to require, a finding that the plaintiff slipped upon a foreign substance of unknown nature or origin which had become superimposed on the piece of tin. The case in general is governed by *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12, *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, and *Berube* v. *Economy Grocery Stores Corp.* 315 Mass. 89.

*Exceptions overruled.*