REBECCA GERSTENZANG *vs.* KENNEDY & CO., INC.

Bristol.    November 5, 1959. — December 18, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Store, Slippery substance.

Evidence that a customer of a store upon entering it slipped and fell, that as her hand "hit the floor" she felt "sticky wet stuff on the floor," and that the floor had been waxed and polished the night before, even if it justified an inference that the substance which she felt with her hand was wax applied the night before, did not justify an inference that she slipped on that wax or that there was similar wax at the spot where she slipped and left the cause of her fall a matter of conjecture; a finding of negligence of the proprietor of the store toward her was not warranted.

TORT.    Writ in the Third District Court of Bristol dated October 8, 1956.

The action was heard by *Vallely,* J.

*Eugene C. McCabe,* for the defendant.

*Selwyn I. Braudy,* for the plaintiff.

WILLIAMS, J.    While in the defendant's store to buy eggs the plaintiff slipped and fell on the floor and was injured. Evidence bearing on the defendant's liability was furnished by its manager and the plaintiff.    The accident was on the afternoon of August 30, 1956, and the manager testified that the floor, which was of asphalt tile, had been waxed and polished the night before.    The plaintiff testified that "she walked in and the first thing she knew she slipped and was on the floor; her hand hit the floor, her right hand; . . . hand felt sticky wet stuff on the floor; . . . she did not know what kind the floor was."

The judge denied, among others, a requested ruling that the evidence is insufficient to warrant a finding of negligence. He found for the plaintiff and reported the case.    It is before us on the appeal of the defendant from a decision of the

Appellate Division that there was no prejudicial error in the finding or in dealing with the requests for rulings.

While the maintenance of a polished floor is not in itself evidence of negligence, *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291–292, *Peterson* v. *Empire Clothing Co.* 293 Mass. 447, 449, *McGuire* v. *Valley Arena Inc.* 299 Mass. 351, *Kay* v. *Audet*, 306 Mass. 337, 341, negligence can be found if the polishing material is so applied that it leaves the floor sufficiently wet and sticky to cause a person to slip and fall. *Ventromile* v. *Malden Elec. Co.* 317 Mass. 132, 135.

In the present case it could be found that the "sticky wet stuff," which the plaintiff felt, was wax from the application of the previous night but it did not appear that the plaintiff slipped upon it. She gave no description of the floor from which it reasonably could be inferred that the condition of the spot which her hand touched was representative of that portion of the floor on which she slipped. See *Hutchins* v. *F. W. Woolworth Co.* 324 Mass. 5, 7.

It was a matter of conjecture whether her fall was caused by an accumulation of wax or by something for which the defendant was not responsible. See *Wetmore* v. *McLellan Stores Co.* 315 Mass. 443, 445; *Gannon* v. *Summerfield Co.* 323 Mass. 25, 27. We think the judge was not warranted in finding that it was caused by negligence of the defendant. See *Connolly* v. *Boston Elev. Ry.* 309 Mass. 177, 179. The denial of the requested ruling was error.

*Order dismissing report reversed.*
*Finding for the plaintiff vacated.*
*Case to stand for trial in the*
*District Court.*