ROBERT ROBINSON *vs.* IPSWICH POST 1093, V.F.W. INC. November 6, 1961. Exceptions overruled. The judge directed a verdict for the defendant in this action of tort wherein the evidence most favorable to the plaintiff, who, we assume, was a business invitee of the defendant, showed that en route to the men's room he was caused to slip and fall on a very slippery, heavily waxed dance floor of the defendant upon which some liquor had been spilled by a waitress of the defendant approximately fifteen minutes before his fall. When the plaintiff fell (an hour and three quarters after his arrival) the premises were crowded, and the people were dancing, but the plaintiff had room enough to walk. The waitress had sloshed some drinks on the tray she was carrying and they spilled on the exact spot where the plaintiff later fell. None of the glasses, however, fell

to the floor. At no time, before or after he fell, did the plaintiff see any liquid or other foreign substance on the floor. After he fell, he felt his pants and they were wet. The judge was right. "[M]ere slipperiness, in and of itself, does not establish negligence." *Kay* v. *Audet,* 306 Mass. 337, 341. There is no evidence of the negligent application of wax. Cf. *Ventromile* v. *Malden Elec. Co.* 317 Mass. 132. A highly polished surface is to be expected on dance hall floors. There is no duty to warn when the condition is obvious. *McGuire* v. *Valley Arena Inc.* 299 Mass. 351, 352. Nor does the other evidence show that a dangerous condition, other than the mere slipperiness which already existed, was created by the spilling of the liquid. See *Connolly* v. *Boston Elev. Ry.* 309 Mass. 177, 179. The amount of liquor spilled to the floor from the tray was conjectural, but inferentially (since there was no evidence that the glasses tipped over) was necessarily small. Compare *Hutchins* v. *F. W. Woolworth Co.* 324 Mass. 5, 6. Moreover, even assuming the existence of such a dangerous condition, the plaintiff has not shown that such condition was causally related to his fall. *Gerstenzang* v. *Kennedy & Co. Inc.* 340 Mass. 174.

*Francis X. Carroll,* for the plaintiff.
*Edward R. Butterworth,* for the defendant.