Etta M. (Johnson) **ALBINSON**, Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

Civ. A. No. 61–138.

United States District Court
D. Massachusetts.

April 23, 1963.

---

Robert J. O'Keefe, Worcester, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Eugene X. Giroux, Asst. U. S. Atty., for defendant.

JULIAN, District Judge.

The plaintiff, Etta M. (Johnson) Albinson, brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), to recover for injuries she sustained when she fell in a corridor at the Veterans Administration Hospital, Boston, Massachusetts, on January 17, 1960. A claim in writing was presented to the appropriate Federal agency within the period of time prescribed in 28 U.S.C. § 2401(b), and upon notice of disallowance of her claim the plaintiff seasonably instituted this suit.

The hospital premises were owned, operated and controlled by the defendant, and the plaintiff was lawfully on the premises for the purpose of visiting her father who was a patient in one of the wards.

On January 17, 1960, the plaintiff arrived at the hospital at approximately 3 P. M. She entered the hospital through the ambulance door of the clinic, walked down a short corridor, and then turned left into corridor "D". There she observed that the floor had a slippery and highly polished surface. A friend who was with the plaintiff at the time remarked on the slippery condition of the floor.

Because of the slippery floor the plaintiff walked close to the wall on her right. Nevertheless, when she reached a point in the corridor near the door marked "stairway" she slipped and fell, sustaining a dislocation of her right knee.

The plaintiff claims that her fall and resulting injuries were caused by the negligence of the United States through its agents, servants or employees in permitting the floor to be so highly waxed and slippery and in permitting such an excessive amount of wax to accumulate thereon as to render the floor unsafe.

▬ The corridor floor had been waxed and buffed two days before the accident by hospital employees who used wax of a kind specified by the United States Government and described as a water-based, liquid, non-slip wax. I find that the wax had not been improperly applied and that there was no accumulation of wax on the floor. I find that the floor was somewhat slippery from the wax, but was dry and in no way defective. I further find that the floor was in a reasonably safe condition. There was no negligence on the part of the United States either by reason of the substance used for waxing or in the manner of its application. Without proof of such negligence the plaintiff is not entitled to recover. Ventromile v. Malden Electric Co., 1944, 317 Mass. 132, 57 N.E.2d 209; Kay v. Audet, 1940, 306 Mass. 337, 28 N.E.2d 462. A mere showing of slipperiness without more is insufficient to sustain the plaintiff's claim. Robinson v. Ipswich Post 1093, V. F. W., Inc., 343 Mass. 771, 178 N.E.2d 24.

▬ If it be assumed that the plaintiff was a business invitee and that the slipperiness of the floor presented a risk of injury to a person situated as was the plaintiff in this case, there was nevertheless no duty on the part of the defendant to warn her of a condition which was obvious to anyone of ordinary intelligence using ordinary care. LaBart v. Hotel Vendome Corp., 1963, D.C.Mass., 213 F.Supp. 958; Kitchen v. Women's City Club, 1929, 267 Mass. 229, 232, 166

N.E. 554, 555. I find that the slippery condition of the floor was in fact obvious to the plaintiff.

The plaintiff is not entitled to recover.

Judgment will be entered dismissing the complaint.