Ruma, J.
This is an action in tort to recover damages for loss of consortium by the spouse and minor child of Alexander J. Tatosky who sustained personal injuries in a fall at his place of employment in a warehouse owned and controlled by the defendant.
Judgment was entered for plaintiff Donna M.Tatosky in the amount of $20,000.00 and for plaintiff Tara A. Tatosky in the sum of $5,000.00.
The reported evidence indicates that Alexander J. Tatosky was employed as a warehouse worker on premises owned and maintained by the defendant, Bowker Storage & Distributing Co., Inc. On the morning of July 26,1979, Mr. Tatosky was engaged in the process of placing merchandise on pallets to be transported by forklift to cargo bays for eventual loading onto trucks. At approximately 10:00 A.M., Mr. Tatosky was ordered to drive a forklift to a nearby section of the warehouse to pick up perishable goods located in a cooler and to deliver them to an adjacent cargo bay.
Mr. Tatosky drove the forklift into the cooler and proceeded to load the merchandise onto a pallet. Evidence was introduced that the floor outside of the cooler and in that general area of the warehouse appeared glossy. Mr. Tatosky continued to load goods onto pallets for a period of fifteen to thirty minutes, and then drove the forklift from inside the cooler to the designated cargo bay in the same section of the warehouse. As he proceeded to alight from the forklift, Mr. Tatosky stepped backward, slipped on condensation on the cement warehouse floor and struck his knee. The injury so sustained required surgery, and Mr. Tatosky was incapacitated and unable to work for a period of two years and eight months.
The report states unequivocally that the cause of Mr. Tatosky’s fall was the condensation on the floor. There was evidence that such condensation was almost always present during the summer months for the three year period in which Mr. Tatosky was employed by the defendant. The continuing condensation condition resulted from the interaction of hot summer air with the cold air emanating from the cooler. It was stipulated that the defendant employed maintenance workers whose specific responsibilities included not only keeping the cooler area of the warehouse swept and generally clean, but also *54 eliminating any slippery conditionorwetness present in the area. There was evidence that although such workers customarily placed sawdust on the floor every summer day on which the condensation appeared, no sawdust was spread on the floor on the date of Mr. Tatosky’s accident.
At the close of the evidence, the defendant submitted the following requests for rulings of law which were denied by the trial court:
“1. The evidence does not warrant a finding that the said defendant, its agents, or servants were negligent.
“2. The evidence does not warrant a finding that the defendant knew, or in the exercise of reasonable care should have known of the alleged foreign substance which caused the plaintiffs accident.”
The defendant thereafter requested a report to this Division, claiming to be aggrieved by the trial court’s denial of requests 1 and 2.
1. There was no error in the trial court’s denial of defendant’s request for rulings of law numbers 1 and 2 as the court’s finding for the plaintiffs is fully warranted by the reported evidence. Heil v. McCann, 360 Mass. 507, 511 (1971).
No question is raised on this appeal as to the sufficiency of the evidence advanced to satisfy most essential elements of the plaintiffs’ burden of proof. The parties have stipulated as to both the occurrence of an accident on the defendant’s premises which resulted in personal injuries to Alexander Tatosky[3], and the amount of any damages to be awarded to his spouse and minor child for loss of consortium attributable to such injuries. The defendant has further stipulated that it owned, controlled and had a concommitant duty to maintain the relevant area of its warehouse in a reasonably safe condition, and that it employed certain individuals whose specific responsibilities entailed eliminating any slippery condition resulting from cooler condensation. There is also no question that Tatosky’s fall was proximately caused by the condensation on the warehouse floor.
The mere occurrence of wet or slippery conditions does not, however, establish negligence. Robinson v. Ipswich Post 1093, 343 Mass. 771, 772 (1961). The dispositive issue on this appeal is whether the plaintiff introduced sufficient evidence to prove that the defendant was negligent in failing to correct a dangerous condition which it created, was actually aware of or should have discovered in the exercise of due care. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973).
2. The uncontroverted evidence adduced at trial established that condensation on the floor of the warehouse resulting from the cooler was a chronic summer condition of which the defendant was aware for at least a three year period and ordinarily took measures to correct. The report states that sawdust was customarily placed on the floor in the cooler area of the warehouse to eliminate slippery, wet conditions caused by daily summer condensation, but that no sawdust had been spread on July 26,1979, the date of the incident in question. The failure to implement regular safety measures to correct a known or recurring danger may constitute evidence of negligence.
The defendant contends that evidence of its failure to spread sawdust establishes only that it was unaware of the slippery floor condition and that its lack of knowledge was attributable to the brief period of time in which the condition existed prior to Tatosky’s fall. Such contention is unpersuasive when viewed in the light of strong circumstantial evidence that the slippery floor *55 condition persisted for an appreciable period of time sufficient to have afforded the defendant a reasonable opportunity to have discovered and corrected it prior to the plaintiffs accident. This is not a case wherein the plaintiff has relied exclusively on a mere description of the wet or slippery area to furnish an inference as to the duration of the dangerous condition. See, e.g., Tariff v. S.S. Kresge Co., 299 Mass. 129, 130 (1937); Ventor v. Marianne, Inc., 1 Mass. App. Ct. 224, 226-227 (1973). The report states that the warehouse floor already appeared glossy by the time Tatosky arrived in the cooler area at 10:00 A.M. The dangerous floor condition persisted for the fifteen to thirty minutes in which the plaintiff was occupied loading merchandise inside the cooler. The trial justice would have been warranted on the facts of this case in finding that the existence of a dangerous condition for a period of thirty minutes or more provided an ample opportunity for the defendant to act, see Rossley v. S.S. Kresge Co., 339 Mass. 654, 656 (1959); Gallagher v. Stop & Shop Inc., 332 Mass. 560, 563 (1955), where the possibility of a daily occurrence of such condition was well known to the defendant and designated employees were charged with the specific duty of maintaining the area free of the very floor condensation which caused the plaintiffs injuries.[4]
3. Accordingly, the trial court’s finding for the plaintiff is sustained. There being no error, the report is dismissed.

Alexander Tatosky ultimately received Workmens’ Compensation benefits for expenses related to his injury and withdrew as a party plaintiff from this suit.

“The length of time the law allows to the defendant for discovery and removal or warning of the dangerous condition is governed by the circumstances of each case. To a large extent it depends upon the opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties [citation omitted |. The decisive- issues, therefore, are the length of time the condition is present and the opportunity for discovery on the facts of the case [emphasis supplied].” Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961).