Wright, J.
This is an action in tort to recover for personal injuries sustained in a fall on the dance floor of the defendant’s premises. Summary judgment was entered for the defendant, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A D. A., Rule 8A
The parties’ Mass. R. Civ. R, Rule 56 materials, which include affidavits, depositions and answers to interrogatories, indicate the following: On November 6,1993, plaintiff Margaret Hall, then seventy years old, and her husband attended a dance held in the function hall of defendant American Legion Post No. 156 (the “Post”) in Waltham. The plaintiff and her husband were familiar with the Post’s dance floor as they had attended functions at the Post at least six to seven times per year for the three years preceding the plaintiffs mishap.
On the evening in question, the Halls arrived at the Post at approximately 8:30 P.M. In walking across and around the dance floor to reach their table, the plaintiff observed that the floor was “cleaned and shined,” but did not notice any difference in its appearance that night from any of the other evenings on which she had been present at the Post. She testified in a deposition that she would not in fact have gone onto the dance floor if she had thought that there was any danger.
The plaintiff and her husband did get out on the floor at approximately 9:30 P.M., and danced for five to ten minutes without incident to music “on the fast side.” The plaintiff then “lost control or lost [her] balance” and slipped, her foot went out from under her and she fell, fracturing her right wrist. At least 200 people were in attendance at the Post on the night in question, and the dance floor was “well-crowded.” No other falls occurred. In fact, the Post had never received any complaints about the slipperiness of the dance floor, or any notice that anyone had fallen until the commencement of the plaintiffs suit in 1996.
Prior to a dance at the Post, the general practice was for the custodian to clean the hall and set up twenty tables on three sides of the dance floor. Placement on the far side required carrying the tables across the dance floor. The floor was routinely swept, buffed or mopped as needed, but wax and polish were never used. The twenty-year old dance floor had last been stripped and refinished at some undetermined point in either'1992 or 1993. Kevin Igoe (“Igoe”), a Post representative, observed the refinishing process and noted that afterwards, the floor was “not excessively slippery,” but instead had the “glide” which was “typical to a dance floor.”
The plaintiff’s complaint alleged that she was injured as a result of being “caused to fall due to a slippery and unsafe condition caused to exist on the pre *277 mises due to the negligence of the defendant.” The defendant filed a motion for summary judgment, supported by the plaintiff’s answers to interrogatories and the depositions of the plaintiff and Igoe, on the grounds that there was no genuine issue of material fact and that proof of a dangerous or defective condition on the premises, an essential element of the plaintiff’s burden of proof, was “unlikely to be forthcoming” at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
In opposition, the plaintiff offered the affidavit of Helen LoPrete (“LoPrete”) and the deposition of Mary Magadan (“Magadan”). LoPrete, who attended the dance on November 6,1993, averred that the floor was “very, very slippery,” and “so slippery that [she] was afraid to dance on it.” She further stated that she saw the plaintiff’s “foot slide out from under her on the slippery dance floor” and that the plaintiff did not trip. Magadan, a seventy-nine year old friend of the plaintiff’s who line-danced at the Post on the night in question, testified in deposition that the floor was “slippery.” She also testified that approximately a week later, she also fell on the dance floor at the Post and also fractured her wrist. After hearing, the defendant’s motion for summary judgment was allowed.
1. The defendant was obligated “to maintain [its] premises in a reasonably safe condition in view of all the circumstances,” Barry v. Beverly Enterprises-Mass., Inc., 418 Mass. 590, 592-593 (1994); Sullivan v. Brookline, 416 Mass. 825, 827 (1994), and to warn patrons of dangers of which they were unaware but which were known, or should have been known, to the defendant. Altman v. Barron’s, Inc., 343 Mass. 43, 46 (1961); Draper v. Kids “R” Us, 1996 Mass. App. Div. 27, 28. To establish the defendant’s liability in negligence for a breach of such duty, it was incumbent upon the plaintiff to prove that her injuries were “proximately caused by a detect or dangerous condition which the defendant created, had actual knowledge of, or should have discovered and remedied in the exercise of due care.” Polsinetti v. National Amusements, Inc., 1997 Mass. App. Div. 150, 152. See also, Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973). While the inherently factual issues in negligence cases often render summary judgment inappropriate, a defendant’s Rule 56 motion may be properly allowed when the “plaintiff fails to provide evidence creating a genuine issue for trial,” McNamara v. Massachusetts Port Auth., 30 Mass. App. Ct. 716, 718 n.3 (1991), and when the evidence which is brought forward, “considered with an indulgence in the plaintiff’s favor,” would not permit a finding of negligence as a matter of law. Appleby v. Daily Hampshire Gazette, 395 Mass. 32, 37 (1985). See also, Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 949 (1994).
In this case, the defendant’s summary judgment motion and supporting materials effectively demonstrated the absence of both a genuine issue of fact and evidence to support essential elements of the plaintiff’s case; namely, the existence of a hazardous or defective condition on the premises and the defendant’s negligent failure to remedy the same. The burden then shifted to the plaintiff to advance specific facts sufficient to delineate a relevant issue of fact requiring a trial on the merits. Godbout v. Cousens, 396 Mass. 254, 261 (1985). The plaintiff failed to satisfy such burden.
2. The only evidence advanced by the plaintiff was that the dance floor was slippery and that she fell. It is fairly well established that the simple characterization of a floor or surface as “slippery,” “very slippery” or “shiny and slippery” does not per se raise an inference of negligence, much less establish the existence of an actionable condition for which the defendant can be found liable. See, e.g., Grace v. Boston Elev. Ry., 322 Mass. 224, 226-227 (1948); Shinkwin v. H.L. Green Co., 318 Mass. 70, 71 (1945); Battista v. F.W. Woolworth Co., 317 Mass. 179, 180-181 (1944); Peterson v. Empire Clothing Co., 293 Mass. 447, 449 (1936); Pettie v. The Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 43; Aceto v. Legg, 1990 Mass. App. *278 Div. 191, 193. Nor is the maintenance of a polished floor indicative of negligence where, as in the instant case, there is no indication that the defendant was negligent in the floor treatment materials used or in the manner in which they were applied.[1] Gerstenzang v. Kennedy & Co., 340 Mass. 174, 175 (1959); Kay v. Audet, 306 Mass. 337, 341-342 (1940). Indeed, “[a] highly polished surface is to be expected on dance hall floors. There is no duty to warn when the condition is obvious.” Robinson v. Ipswich Post 1093, V.F.W., Inc., 343 Mass. 771, 772 (1961).[2]The plaintiff has failed to offer any probative evidence that her injuries resulted not simply from the slipperiness of the defendant’s dance floor, but from some “defect, wear or unnatural condition in the floor,” Lowe v. National Shawmut Bank of Boston, 363 Mass. 74, 77-78 (1973), for which the defendant was liable.[3]
3. The plaintiffs only remaining evidence, that she in fact fell on the defendant’s premises, was obviously insufficient to defeat summary judgment. It is axiomatic that the mere occurrence of an accident is not evidence of negligence. Fitchburg Gas & Elec. Light Co. v. Samuel Evans Construc. Co., 338 Mass. 752, 753-754 (1959); Graci v. Massachusetts Gas & Elec. Light Supply Co., 7 Mass. App. Ct. 221, 223 (1979); Balicki v. Stop & Shop Supermarket Co., 1998 Mass. App. Div. 77, 78.
Nor was there any error in the trial court’s determination that Mary Magadan’s fall at the Post a week later was of limited significance. Opposition to well-pleaded summary judgment motions must be predicated on admissible evidence. Mass. R. Civ. P., Rule 56(e). Proof of a similar accident is subject to “grave objections” and is admissible in the discretion of the trial judge only where there is a “substantial identity” in the circumstances of the two accidents, and “the danger of unfairness, confusion or undue expenditure of time in the trial of collateral issues seems small. *279 ...” Kromhout v. Commonwealth, 398 Mass. 687, 693 (1986). See also Read v. Mt. Tom Ski Area, 37 Mass. App. Ct. 901, 902 (1994). Magadan's description of the dance floor as very slippery a week after the plaintiff’s fall did not establish that the floor was in exactly the same condition on both dates. Moreover, even assuming arguendo that the floor conditions were the same, and assuming further that mere slipperiness constituted a defective condition, “substantial identity in the alleged defective condition is only the first essential... [as] the actual causes of the two injuries may have been different.” Kromhout, supra at 693. The plaintiff has offered nothing to suggest that all circumstances attending Magadan's fall and the plaintiff’s were substantially identical, including the age, health and condition of the two women, the specific dancing in which they were engaged, the tempo of the music, the size of the dance crowd on the floor at the time and a myriad of other relevant factors. Obviously, the fact that Magadan fell a week later was as probative of the defendant’s negligence at the time of the plaintiff’s fall as the fact that the 200 other people who were dancing at the Post on the very night of the plaintiff’s mishap did not fall was conclusive of the defendant’s due care.
The trial court’s entry of summary judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 Contrary to the plaintiff’s argument, the record does not indicate that the dance floor was refinished “just before the plaintiff’s fall” on November 6, 1993. Igoe testified only that it had been refinished sometime in either 1992 or 1993, and that the floor was not rendered “excessively slippery.” Other evidence established that wax and polish were never used. Nor would the plaintiff be entitled to rely on the drawing of speculative inferences, wholly unsupported by the record, that periodic “buffing” was performed negligently or in any way resulted in the creation of a hazardous condition causally related to the plaintiff’s fall.

 There is no merit in the plaintiff’s argument that Robinson and all other cases which predate Mounsey v. Ellard, 363 Mass. 693 (1973) and Upham v. Chateau De Ville Dinner Theatre, Inc., 380 Mass. 350 (1980) are no longer controlling because, as the plaintiff contends, Mounsey and Upham “markedly redefined the law in slip and fall cases” with respect to a landowner’s duty of care and the proposition that mere slipperiness is not evidence of negligence. “There is nothing in Mounsey... or in Upham... which casts doubt on the continued vitality of the rules explicated and adhered to.... Indeed, it is clear from the face of the opinion in the Mounsey case that the court did not enlarge the duty of an owner or occupier of real estate except to the extent that it abolished the distinction between licensees and invitees.... In the Upham case the court went no further than to abrogate the rule that a defendant’s adherence to a relevant industry standard constituted conclusive proof of no negligence on his part.” Sweet v. Cieslak, 23 Mass. App. Ct. 908, 909 (1986).

 See, e.g., Denton v. Park Hotel, Inc., 343 Mass. 524 (1962) (metal trap door ring recessed in dance floor); Murray v. Donelan, 333 Mass. 228 (1955) (piece of tin nailed to floor by defendant rendered floor unusually slippery when wet); Trottier v. Neisner Bros., Inc., 284 Mass. 336 (1933) (accumulation of oil under edge of store counter); Blake v. Great Atl. & Pac. Tea Co., 266 Mass. 12 (1929) (wooden-floor made slippery by saturation of oil); Merrill v. Fox, 219 Mass. 387 (1914) (slipperiness due to leaking of paste, of which defendant was aware, on to floor).